W. H. MORRIS & SONS v. J. J. BURGESS et al.

*Foreign Judgment—Competency of in Evidence—Estoppel.*

1. The same effect is given to a judgment rendered in a court of one State when offered in evidence in this State, as an exemplification of it would have in another court of the State in which it was rendered.

2. Whether or not the record of a judgment rendered in one State must be specially pleaded in order to give it a conclusive effect upon a opposing party in a suit in another State, yet a former judgment is both competent and conclusive as to the merits in case it was rendered after issue joined in the action in which it is offered as evidence; therefore,

3. Where, after action begun in this State on a note, judgment was rendered in another State in an action on the same note, and plaintiff was refused permission to amend the complaint so as to declare on the judgment instead of the note, such judgment was competent and conclusive evidence to show the amount due on the note.

MORRIS v. BURGESS.

This was a CIVIL ACTION tried before *Armfield, J.*, and a jury, at Spring Term, 1894, PERQUIMANS Superior Court. The action was upon a note and for the foreclosure of a mortgage given to secure it. The plaintiffs moved to amend the complaint and his replication by inserting in either a a judgment rendered in a Court in the state of Virginia, which judgment was recovered upon the note set out in complaint and since Fall Term, 1893, of Perquimans court. Motion overruled in discretion of the court. Exception by Plaintiffs. Upon the trial plaintiff offered said judgment to prove that Defendants still owed said note, or the debt evidenced by it. Objection by defendants. Objection overruled. The court admitted the evidence and instructed the jury that it concluded the defendants. Defendants excepted. (1) because the court erred in admitting the evidence, and (2) in holding that the defendants were concluded to introduce evidence showing payment of said debt or note. Jury rendered the verdict for the plaintiff. Defendants moved for new trial, (1) because the court admitted the judgment as evidence, and excluded all evidence of payment of the note offered by defendants. Motion overruled. Defendants excepted. Judgment against defendants, who appealed.

*Mr. L. L. Smith*, for plaintiff.
*Mr. J. H Blount*, for defendants (appellants).

AVERY, J.: The action was brought for judgment upon a note under seal and for foreclosure of a mortgage upon land executed to secure the debt. The Court had in its discretion refused to allow an amendment, declaring on a judgment rendered on the bond in a court of competent jurisdiction of the State of Virginia, instead of upon the

bond itself. The plaintiff offered on the trial a properly certified copy of the judgment to prove that the defendants still owed the debt, for which the note was given. The defendants excepted to its admission as evidence of the debt and also to the instruction subsequently given by the Court to the jury, that it concluded the defendants from showing any payment upon the debt.

It was held by this Court in *Peebles* v. *Guano Co.*, 77 N. C., 233, that a judgment in proceeding of attachment was "conclusive evidence, that the debt sued on was due to the plaintiff in it to the value of the property attached but of nothing more." The Court in that proceeding *in rem* acquired no jurisdiction of the person, and the judgment could be used to show nothing except the right of recovery to the value of the property proceeded against. Herman on Estoppel, Sec. 322; *Winfree* v. *Bagley*, 102 N. C., 545. But for that purpose and to that extent it was competent. Here the action upon the note in the same State was *in personam*, but is admissible upon the same principle as in the other case, when it was offered not to prove the debt sued on but to show the amount of damage the plaintiff was entitled to recover. Bigelow on Estoppel, p. 48, 5th Ed.

The Constitution of the United States, Art. iv, Sec. 1, and the Act of Congress passed in pursuance of it (U. S. Rev. Stat., Sec. 509) were construed at an early day as giving to a judgment of a sister State the same effect as an exemplification of it would have in another court of the same State, in which it was rendered. *Mills* v. *Daryes*, 7 Cranch, 481; *Hampton* v. *McDonnell*, 3 Wheat., 234. When such judgment is made the basis of an action, it is conclusive on the merits in every other State, if it appear that the court in which it was rendered had jurisdiction of the parties and the subject matter. 2 Black on Judgments,

Sec. 857 and 859. The rule is that the judgment "if valid at home" is valid in any other State, and when sued on is conclusive on the merits even though under the laws of the State, in which suit is brought to enforce it, such a judgment would have been void on account of the manner or form of entering it. *Ritter* v. *Hoffman*, 35 Kan., 215; 2 Black, *supra*, Sec. 859.

The authorities in this country are conflicting upon the question whether one party must plead the record of a judgment of a sister State in order to give it a conclusive effect upon the opposing party. 2 Black on Judgments, Sec. 783. Even where it is conceded to be the general rule however that a record is available as an estoppel only when specially pleaded, a former judgment, whether domestic or foreign is both competent and conclusive as to the merits in case it was rendered after issue was joined in the action in which it is offered as evidence. Am. & Eng. Enc., 33, and note 3; 2 Black on Judgments, Sec. 784, and note. The judgment under consideration was rendered after the Fall Term of the Superior Court of Perquimans County, when the pleadings were filed and the plaintiff could not have made it the basis of an action begun before it was in existence. He had had no opportunity to avail himself of it till the trial.

For the reasons given and upon the authorities we feel no hesitation in holding that the exemplification of the judgment of a sister State was admissible in evidence. Without entering into a discussion of the general doctrine of pleading specially records, deeds or matters in pais, relied on to work an estoppel, there can be no question about the right to offer the evidence constituting the alleged estoppel, where it appears that there has been no opportunity afforded a party to specially plead it. In our case not only was the judgment obtained after this suit was at issue, but

the plaintiff took the doubtful precaution of asking to be allowed to declare upon a cause of action which it might have heen contended did not exist when the action was brought.    There' was no error.

The judgment is affirmed.