JOHN W. MOORE v. J. H. EDWARDS.

(Filed 3 November, 1926.)

1. Judgments—Estoppel—Claim and Delivery—Damages for Wrongful Detention—Actions.

Where judgment is rendered against the defendant and the surety on his bond in claim and delivery, and therein no issue is submitted to the jury on the question of damages for the wrongful detention of the property, it does not estop the plaintiff from bringing an independent action to recover such damages. C. S., 610.

2. Actions—Claim and Delivery—Principal and Surety—Parties.

To an independent action by plaintiff in claim and delivery to recover upon the defendant's surety bond damages for the deterioration, etc., of the property wrongfully detained, the surety may be sued alone without joining the principal defendant in the former action. C. S., 458.

APPEAL by defendant from *Lyon, J.,* and a jury, at January Special Term, 1926, of JOHNSTON. No error.

An action was formerly instituted in Johnston County Superior Court by J. W. Moore, present plaintiff, against R. W. Mitchell, for the recovery of a *Velie automobile.* The provisional, or ancillary,

remedy of claim and delivery was resorted to and in that case the present defendant, J. H. Edwards, signed the replevin bond of R. W. Mitchell, in the sum of $4,200, double the value of the property alleged in the proceedings in accordance with the statute.

The prayer of plaintiff in that action: "(1) That he recover judgment of the defendant, R. W. Mitchell, and his bondsman, J. H. Edwards, in the sum of $2,100.00; (2) for such other and further relief as the plaintiff may be entitled to in the premises."

The issues submitted to the jury and their answers thereto, were as follows:

"1. Is the plaintiff owner of, and entitled to the possession of the automobile described in the complaint? Answer: Yes.

2. What was the value of the automobile described in the complaint at the time of its seizure by the sheriff under a writ of claim and delivery in this cause? Answer: $2,000.00."

The judgment on the verdict was as follows: "It is ordered, considered and adjudged, that the plaintiff, John W. Moore, be and he is hereby adjudged to be the owner and entitled to the immediate possession of the Velie automobile, Model No. ........., described in the pleadings in this cause. It is further adjudged that if the possession of said automobile cannot be had, then in that event the plaintiff is hereby given judgment against R. W. Mitchell and his bondsman, J. H. Edwards, in the sum of $2,000.00, together with interest on the same from 3 September, 1920. It is further ordered, considered and adjudged that the defendant, R. W. Mitchell be and he is hereby ordered to deliver the Velie automobile above set out to the plaintiff, John W. Moore, in Smithfield, within five days from the date of this judgment; and that the cost of this action be and (the same) is hereby taxed against the defendant, R. W. Mitchell, and his bondsman."

A few days after this judgment was rendered, the defendant, R. W. Mitchell, delivered the Velie automobile to plaintiff. The present action was brought under the replevy bond against the surety J. H. Edwards for its "deterioration and dentention."

The defendant plead (1) That the former judgment was an estoppel or *res judicata;* (2) that the original defendant, R. W. Mitchell, was a proper and necessary party to the present action.

*Wellons & Wellons for plaintiff.*
*Abell & Shepard and Winfield H. Lyon for defendant.*

CLARKSON, J. The only questions here presented are: (1) The plea of estoppel or *res judicata;* (2) was the principal in the bond a proper and necessary party to this action?

The defendant, J. H. Edwards, signed the bond of R. W. Mitchell under C. S., 836, which is as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, if he does not except to the sureties of the plaintiff, require the return thereof, upon giving to the sheriff a written undertaking, payable to the plaintiff, executed by one or more sufficient sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, with damages for its deterioration and detention, and the costs, if delivery can be had, and if delivery cannot be had, for the payment to him of such sum as may be recovered against the defendant for the value of the property at the time of the wrongful taking or detention, with interest thereon, as damages for such taking and detention, together with the costs of the action. If a return of the property is not so required, within three days after the taking and service of notice to the defendant, it must be delivered to the plaintiff, unless it is claimed by an interpleader. The defendant's undertaking shall include liability for costs, as provided in this section, only where the undertaking is given in actions instituted in the Superior Court."

C. S., 610, is as follows: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or for the value thereof in case a return cannot be had, and damages for taking and withholding the same."

In *Bowen v. King,* 146 N. C., p. 385, it is said: "As heretofore stated, it does not definitely appear how plaintiff reacquired possession of the property; but, assuming—and there are statements from some of the witnesses tending to show this—that the possession was restored by means of a former action of claim and delivery, while plaintiff could have had his damages assessed in the former action (Revisal, sec. 570; C. S., 610), the authorities seem to be to the effect that he was not required to take this course, but, after obtaining possession, could, in another action, recover damages for the injury done by the wrongful seizure and detention of his property. *Woody v. Jordan,* 69 N. C., 189; *Asher v. Reizenstein,* 105 N. C., 213."

We can find no statutory provision prohibiting separate actions in a case of this kind. It is, no doubt, better practice to try out the entire controversy in one action.

In *Trust Co. v. Hayes,* 191 N. C., p. 543, it is held: "It is undoubtedly the law that in claim and delivery proceedings, when the plaintiff

recovers, he is entitled to summary judgment against the sureties on the defendant's forthcoming bond, but it must be such 'as the law sanctions *(Hall v. Tillman,* 103 N. C., 276), and the form of the judgment should be 'for the possession of the property, for the recovery of the possession, or for the value thereof in case a delivery cannot be had, and damages for the detention' (C. S., 610) plus costs, with the further provision that the plaintiff recover of the sureties on the defendant's replevy bond the full amount of such bond, to be discharged, first, upon the return of the property and the payment of the damages and costs recovered by the plaintiff; or, second, if a return of the property cannot be had, upon the payment to the plaintiff of such sum as may be recovered against the defendant for the value of the property at the time of its wrongful taking and detention, with interest thereon as damages for such taking and detention, together with the costs of the action, the total recovery against the sureties in no event to exceed the penalty of the bond. *Hendley v. McIntyre,* 132 N. C., 276. . . . The judgment therefore should have followed the statute and the terms of the bond. *Council v. Averett,* 90 N. C., 168."

It will readily be seen by the issues and judgment in the former action of *Moore v. Mitchell,* that plenary issues were not submitted. The condition in the bond was "with damages for its deterioration and detention and the costs if delivery can be had." No issue was submitted "If delivery can be had, what were plaintiff's damages for deterioration and detention?" Under the issues and judgment, we cannot hold that in the present action the plea of estoppel or *res judicata* can avail defendant.

In *Hardison v. Everett, ante,* p. 374, *Brogden, J.,* says: "Estoppel by judgment arises from the following essentials: (1) Identity of parties; (2) identity of subject-matter; (3) identity of issues. *Wagon Co. v. Byrd,* 119 N. C., 460; *Tyler v. Capehart,* 125 N. C., 64; *Gilliam v. Edmonson,* 154 N. C., 127; *Coletrain v. Laughlin,* 157 N. C., 287; *Clarke v. Aldridge,* 162 N. C., 326; *Whitaker v. Garren,* 167 N. C., 658; *Price v. Edwards,* 178 N. C., 493."

As to defendant's contention that the principal in the bond is a proper and necessary party to this action, we cannot so hold. The statute is to the contrary. C. S., 458 is as follows: "Persons severally liable upon the same obligation, including the parties to bills of exchange and promissory notes, may all or any of them be included in the same action at the option of the plaintiff."

For the reasons given in the judgment of the court below, there is No error.