ANDREW M. LAW v. JESSE CLEVELAND.

(Filed 23 March, 1938.)

**1. Trial § 22a—**

Judgment overruling defendant's demurrer for failure of the complaint to state a cause of action does not preclude defendant from raising the same question by a motion to dismiss or for judgment as of nonsuit.

**2. Judgments § 34—Judgment of South Carolina court in action involving same parties and subject matter held to bar action in this State.**

The holder of notes which were executed and delivered in South Carolina and which bore interest at 8 per cent as permitted by its laws, instituted action thereon in South Carolina, the parties being residents of that State, and defendant having been personally served with summons. It appeared that the notes were secured by a mortgage on lands in this State. The parties reconciled their differences and a consent judgment was entered in the action under which the maker conveyed the land to the holder of the notes in partial payment, and the holder was given judgment for the balance due thereon after such credit. *Held:* The South Carolina court had jurisdiction of the parties and subject matter, and its judgment bars the maker from maintaining an action in the courts of this State to enforce the forfeiture and penalty for usury and to cancel the mortgage and deed upon payment of the amount found to be due upon an accounting, since the questions at issue in the action instituted in South Carolina are the same as the questions at issue in the action instituted by the maker in this State.

10—213

**3. Same—**

 Under the full faith and credit clause, U. S. Constitution, Art. IV, sec. 1, a consent judgment of another State will bar the parties from maintaining an action in our courts if such judgment would bar the action in the jurisdiction which rendered the judgment, unless the judgment is set aside for fraud or mutual mistake.

**4. Judgments § 1—**

 A consent judgment is as valid and binding as a judgment rendered upon the trial of a cause.

**5. Contracts § 8—**

 The courts must declare a contract as written.

APPEAL by plaintiff from *Johnston, J.,* at February Term, 1938, of POLK. Affirmed.

This is an action brought by plaintiff against the defendant. The judgment sets forth the controversy between the parties:

"This cause coming on to be heard before his Honor, A. Hall Johnston, judge holding the courts of the 18th Judicial District of North Carolina, and a jury, and being heard; and it appearing to the court that this is an action brought by plaintiff for the recovery of usurious interest and penalties therefor; for an accounting, and for the purpose of setting aside a certain deed from plaintiff to defendant, which deed is duly recorded in the office of the register of deeds for Polk County in Book 67 at page 276, and for the further purpose of redeeming certain lands covered by mortgage from plaintiff to defendant, which mortgage is recorded in Book 32 on page 21, in the office of the register of deeds for Polk County:

"And it further appearing to the court that the same land is described in both the mortgage and the deed:

"And it further appearing to the court that in the cross action set up by defendant Jesse Cleveland, said Jesse Cleveland pleads a judgment of the court of common pleas of Spartanburg County, South Carolina, in bar of plaintiff's right to recover, and further pleads that said judgment entitled defendant to recover on his cross action or counterclaim.

"And it further appearing to the court that in said South Carolina suit the parties were the same as in the present suit; and it further appearing to the court that the cause of action in the South Carolina suit was the same as in the present suit; and it further appearing to the court that in the South Carolina proceedings the plaintiff in the present suit, to wit, A. M. Law, was personally served with summons, filed an answer, appeared in person and through attorney, and consented to the judgment rendered therein; and it further appearing to the court that the South Carolina court had jurisdiction of both the parties and the subject of the action; and it further appearing to the

court that all matters which plaintiff seeks to adjudicate in the present action were adjudicated and finally determined in the South Carolina action; and it further appearing to the court that the following judgment was rendered in the said South Carolina action, by consent:

" 'DECREE AND ORDER FOR JUDGMENT.

State of South Carolina—County of Spartanburg.
    Court of Common Pleas.

Jesse Cleveland v. Andrew M. Law.

" 'This is a suit upon seven separate promissory notes aggregating as a whole the sum of $15,000. The defendant, by his answer, sets up the fact that a real estate mortgage covering land situated in the State of North Carolina was given contemporaneously with and for the purpose of securing the notes in question.

" 'The defendant, by his answer, requests the court to have the property appraised and that the defendant be given credit for the appraised value of the property on his judgment which may be rendered against him.

" 'It appears now that plaintiff and defendant have reconciled their differences and have amicably settled their controversy by the defendant agreeing to convey the property in question to the plaintiff with dower renounced, free of all encumbrances except as to the plaintiff's mortgage, and the plaintiff has agreed to credit the obligation with the sum of $10,000 in consideration of this conveyance.

" 'The parties have further agreed that the balance due after this credit by the defendant to the plaintiff is the sum of $8,114.28, which includes 10 per cent attorney's fees on the balance due after the credit above referred to, and that the plaintiff shall have judgment against the defendant for this sum, which shall bear interest from 15 July, 1935.

" 'It is, therefore, ordered that Jesse Cleveland have judgment against Andrew M. Law for the sum of $8,114.28, with interest from 15 July, 1935, and for the costs of this action. 30 September, 1935. M. M. Mann, Circuit Judge. We consent: Luther K. Brice, attorney for plaintiff; Nichols, Wyche & Russell, attorneys for defendant.'

"And it further appearing to the court that at the close of plaintiff's evidence the defendant made a motion that plaintiff's cause of action be dismissed, and that defendant recover of plaintiff the sum of $8,114.28 plus interest from 15 July, 1935, and costs:

"And it further appearing to the court that defendant then introduced a certified copy of the suit and proceedings in the South Carolina court, including the judgment, and introduced in evidence the deed executed by plaintiff to defendant above referred to:

"And it further appearing to the court that at the close of all the evidence the defendant renewed said motion:

"And it appearing to the court that the said South Carolina judgment is entitled to full faith and credit under Art. IV, sec. 1, of the Constitution of the United States; and it further appearing to the court that said motion should be allowed:

"It is therefore ordered, adjudged, and decreed that the plaintiff take nothing by his action and that same be dismissed; that the defendant have and recover of the plaintiff the sum of $8,114.28 plus interest from 15 July, 1935, until paid, plus all costs taxed against Andrew Law in the South Carolina suit, plus the costs of this action to be taxed by the clerk.

"It is further ordered, adjudged, and decreed that the attachment heretofore issued in this cause be and the same is in all respects hereby vacated and dissolved. This 7 February, 1938.

A. HALL JOHNSTON,<br>*Judge Presiding.*"

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Donald Russell and Massenburg, McCown & Arledge for plaintiff.*
*Quinn, Hamrick & Hamrick for defendant.*

CLARKSON, J. The litigants on both sides of the controversy have submitted long, carefully prepared and interesting briefs, but we see no new or novel proposition of law involved in the action. We think the court below made no error in dismissing plaintiff's action and in rendering judgment for defendant as therein set forth.

The two principal questions involved:

1. Did the judgment overruling defendant's demurrer, which was made on the fact that the complaint did not state a cause of action, preclude defendant from raising the same question on motion for judgment of nonsuit? We think not on the facts and circumstances of this case.

The judgment overruling defendant's demurrer was merely interlocutory in nature; the defendant still had the right to answer over. N. C. Code, 1935 (Michie), sec. 515. The precise point was passed upon in *Baker v. Garris*, 108 N. C., 218 (226-7), where it was said: "In view of the repeated decisions of this Court that a motion to dismiss upon the grounds mentioned *cannot be waived* and may be taken *at any time,*

we cannot give the effect contended for to such a merely interlocutory ruling as in this case." To the same effect is McIntosh, N. C. Prac. & Proc., part sec. 454, pp. 469-70, as follows: "Where the defendant demurred to the plaintiff's cause of action, and upon appeal from a judgment overruling the demurrer the judgment was sustained, the defendant is estopped to raise the same objection on a second appeal from a final judgment rendered in the action; but where the defendant demurs to the plaintiff's complaint upon the merits, as for want of jurisdiction or failure to state a cause of action, and the demurrer is overruled, he may appeal to the Supreme Court, or he may answer the complaint and on appeal from a final judgment against him raise the question by a motion to dismiss." These authorities are determinative of the point; even though the trial court, upon the demurrer, has held that the complaint states a cause of action, this question may again be raised, as in this case, by motion for judgment to dismiss.

2. Does the South Carolina judgment bar plaintiff's cause of action and entitle defendant to judgment? We think so.

The notes made by plaintiff to defendant, secured by mortgage on real estate in Tryon, Polk County, N. C., were executed and delivered in South Carolina. Both plaintiff and defendant are residents of South Carolina. Personal service was had in the South Carolina action. Plaintiff's land, securing these notes, is in Tryon (Polk County), N. C. These notes bore 8 per cent interest, which is the legal rate in South Carolina; the legal rate in North Carolina is 6 per cent. In the South Carolina action there was no suggestion made by plaintiff when he was sued by Cleveland as to any taint of usury in the transaction. The present action was commenced in this State by plaintiff against defendant to recover usury.

In this action the plaintiff prays judgment against the defendant: "For an accounting. That on account of the usurious interest demanded, charged and collected, all interest on the notes described in the complaint be forfeited, and for a recovery of double the amount of the usurious interest paid. For the right to redeem the property described in the deed recorded in Book 67, page 276, Polk County registry, upon payment of any indebtedness shown by said accounting to be due, and to have the mortgage recorded in Book 32, page 21, Polk County registry, duly cancelled of record upon the payment of said amount. For an attachment against sufficient of the property of the defendant in North Carolina to satisfy plaintiff's claim. For the costs of this action. For such other and further relief as is just and equitable."

Among other defenses the defendant says: "That said judgment is in all respects a valid and binding judgment, and that as such is entitled under Art. I, sec. 4, of the Constitution of the United States, to be

LAW *v.* CLEVELAND.

given full faith and credit by the courts of the State of North Carolina. That although defendant has demanded of plaintiff that he pay said judgment, the plaintiff has failed, neglected, and refuses to pay the same or any part thereof.  Defendant prays: That plaintiff's action be dismissed and that plaintiff take nothing by his action.  That defendant have and recover of plaintiff the sum of $8,114.28 plus interest thereon from 15 July, 1935, until paid.  For the costs of this action, and for such other and further relief as to the court might seem just and proper in the premises."

Under the consent judgment Law conveyed to Cleveland the land in Tryon, N. C., on which he had given Cleveland a mortgage and made other adjustments.  In the South Carolina "Decree and Order for Judgment" is the following: "It appears now that plaintiff and defendant have *reconciled* their differences and have *amicably* settled their controversy," etc.  We think it too well settled to cite authorities that the South Carolina court had jurisdiction of the parties and the subject of the action.  The questions at issue in the present case are the same questions which were at issue in the South Carolina case, and which were determined in and adjudicated by the South Carolina court.  The South Carolina judgment settled these questions and they could not again be litigated in South Carolina unless the "Decree and Order for Judgment" be set aside for fraud or mutual mistake.  Therefore we are of the opinion that, under the full faith and credit clause of the Constitution of the United States, these questions cannot be relitigated in North Carolina.

It is well settled that a consent judgment is just as valid and binding as a judgment rendered after the trial of a cause. *LaLonde v. Hubbard,* 202 N. C., 771.

The full faith and credit clause was recently stated by *Devin, J.,* in *Dansby v. Ins. Co.,* 209 N. C., 127 (129-130), as follows: "The only question presented by this appeal is whether the service of the original process in the manner set forth in the Mississippi judgment was a valid service under the laws of the state of Mississippi.  The validity and affect of a judgment of another state must be determined by reference to the laws of the state where rendered.  Art. IV, sec. 1, of the Constitution of the United States, commands that full faith and credit shall be given in each state to the judicial proceedings of every other state. And the acts of the Congress enacted in the exercise of the power thus granted specifically directs that judgments 'shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken.' *Milwaukee County v. White Co.,* opinion by *Mr. Justice Stone,* U. S. Supreme Court Advance Opinions, Vol. 80, p. 155 (9 Dec., 1935);

34 C. J., 1128. When such judgment is made the basis of an action, it is conclusive on the merits in every other state if it appear that the court in which it was rendered had jurisdiction of the parties and the subject matter. *Morris v. Burgess,* 116 N. C., 40; 2 Black on Judgments, sec. 857. Recovery upon it can be resisted only on the grounds that the court which rendered it was without jurisdiction. *Milwaukee Co. v. White Co., supra.* Or for fraud in its procurement."

On account of the deflated conditions of the times the strict enforcement by defendant of his legal rights against plaintiff seems to be hard measure. We do not make, but construe contracts.

For the reasons given, the judgment of the court below is

Affirmed.