E. H. JEFFERSON AND WIFE, AMANDA R. JEFFERSON, v. SOUTHERN LAND SALES CORPORATION, J. FRANK HACKLER, TRUSTEE, AND ELBERT S. PEELE.

(Filed 24 September, 1941.)

**1. Judgments § 32—Extent of estoppel by judgment.**

A judgment is a bar to a subsequent action between the parties and their privies as to all issuable matters contained in the pleadings, and also as to those material and relevant matters within the scope of the pleadings which the parties, in the exercise of due diligence, could, and should, have brought forward, but the estoppel does not embrace matters which might have been brought into the litigation, but which, in fact, were neither joined nor embraced in the pleadings.

**2. Same—Matters alleged in second action held not joined or embraced in pleadings of prior action, and prior action does not bar the suit.**

In a prior action to enjoin confirmation of foreclosure sale of a purchase money deed of trust executed by plaintiffs, consent judgment was entered allowing trustors a credit on the notes for money due the male trustor for services rendered the *cestui,* and new notes and deed of trust were executed. The letter written by plaintiffs' counsel forming the basis of the consent judgment stated that the agreement settled all matters of business between the male trustor and the *cestui* except the possibility of a shortage in the acreage of the land sold. Plaintiffs subsequently entered this suit to enjoin foreclosure, alleging a shortage in the acreage of the land sold, and asking that the debt secured by the deed of trust for purchase price of the land be credited with the value of the deficiency. *Held:* The second cause of action was not included in the matters settled by the consent judgment, and the prior judgment does not estop plaintiffs from maintaining the second action.

**3. Vendor and Purchaser § 16—**

In this action to recover the proportionate part of the purchase price of land for deficiency in acreage arising out of the fact that a third party had superior title to a part of the land described in the deed to plaintiffs, the refusal of the trial court to submit an issue of estoppel by conduct was not error, there being no sufficient evidence that plaintiffs knew the true boundaries when they accepted the deed, nor was the court's refusal to submit an issue of mutual mistake erroneous, there being neither allegation nor evidence of mutual mistake.

APPEAL by defendant Southern Land Sales Corporation, from *Harris, J.,* at March Term, 1941, of MARTIN. No error.

This was an action to enjoin a foreclosure sale of land, and to recover damages for breach of covenants of seizin and warranty to be applied in exoneration of the mortgage debt *pro tanto.*

Plaintiffs alleged that the description of the land conveyed to them by the defendant corporation for the purchase price of $5,000 purported to include 384.5 acres, but that the boundaries set out in the deed embraced

94.48 acres of land which defendant did not own and which belonged to Mrs. Maude B. Everett. They ask that the debt secured by the deed of trust, representing the balance of the purchase price, be credited with the proportional value of the deficiency.

Defendant corporation, among other defenses, pleaded that plaintiffs were estopped by the judgment in a former action between the same parties, and by their conduct in accepting the deed with knowledge of the true boundaries of the land owned by the defendant corporation.

Mrs. Maude B. Everett and her husband were made parties and filed answer asserting title to the 94.48 acres. Issues were submitted to the jury, who, for their verdict, found by consent that Mrs. Maude B. Everett was the owner of the 94.48 acres, and that her land was embraced in the description of the land conveyed by defendant corporation to the plaintiffs. The jury also found from the evidence that the proportionate value of the Maude B. Everett land to the value of the whole tract described in the deed, at the time of the sale in 1936, was twenty per cent of the purchase price, or $1,000. Judgment was rendered accordingly that Mrs. Maude B. Everett was owner in fee of the 94.48 acres of land, and that plaintiffs recover of defendant corporation $1,000.

From the judgment defendant Southern Land Sales Corporation appealed.

*Peel & Manning and Grimes & Grimes for plaintiffs.*
*J. F. Hackler and R. L. Coburn for defendant.*

DEVIN, J. Appellant assigns as error the denial of its motion for judgment of nonsuit, and bases its exception to the ruling of the court below upon the ground that plaintiffs' present cause of action was issuable and relevant in a former action between the same parties, and that therefore they are now estopped to pursue the matter in this action.

The pertinent facts were these: Plaintiffs purchased the land by deed dated 13 July, 1936, and executed deed of trust to secure the balance of the purchase price. In July, 1938, the plaintiffs having failed to pay the amount due thereon, the trustee in the deed of trust, at the request of defendant corporation, advertised and sold the land, and plaintiffs instituted action to enjoin confirmation of the sale, on the ground that defendant owed plaintiff E. H. Jefferson a substantial amount for services rendered as real estate broker, for which he was entitled to credit on his notes. This action was concluded by a consent judgment, rendered April Term, 1939, whereby a credit was allowed plaintiffs and new notes in sum of $2,286.57 and deed of trust to secure the same were executed by the plaintiffs.

The appellant contends that in the former action plaintiffs' claim for damages, now sought to be recovered, was a matter relevant and proper to be considered, and was at that time an issuable matter within the scope of the pleadings which could, and should, have been there determined. Appellant relies upon the principle, frequently stated in the decided cases in this jurisdiction, that a judgment in an action estops the parties not only as to all issuable matters contained in the pleadings, but also as to those material and relevant matters within the scope of the pleadings which the parties, in the exercise of reasonable diligence, could, and should, have brought forward. *Bruton v. Light Co.,* 217 N. C., 1, 6 S. E. (2d), 822; *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535; *Coltrane v. Laughlin,* 157 N. C., 282, 72 S. E., 961. The reason is that a plaintiff should be required to try his whole cause of action at one time, without splitting up his claim or dividing his grounds of recovery. *Garrett v. Kendrick,* 201 N. C., 388, 160 S. E., 349. It was said, however, in *Shakespeare v. Land Co.,* 144 N. C., 516, 57 S. E., 213: "The judgment is decisive of the points raised by the pleadings or which might properly be predicated on them. This certainly does not embrace any matters which might have been brought into the litigation, or any causes of action which plaintiff might have joined, but which, in fact, are neither joined nor embraced in the pleadings." *Wagon Co. v. Byrd,* 119 N. C., 460, 26 S. E., 144; *Tyler v. Capehart,* 125 N. C., 64, 34 S. E., 108; *Moore v. Edwards,* 192 N. C., 446, 135 S. E., 302.

In the instant case it appears that the consent judgment was entered pursuant to an agreement between the parties, embodied in the form of a letter from plaintiff and his counsel to defendant's counsel, in which occurs this statement: "As I understand this matter this settles all matters of business between Mr. Jefferson and the Southern Land Sales Corporation, except that there may be a possibility of a claim by reason of lappage on the land sold by the Southern Land Sales Corporation to Jefferson in the event that a portion of said land may be taken from him by reason of superior claims." This statement was agreed to by defendant's counsel. Thus, it seems the cause of action now being litigated was not included with the matters settled by the consent judgment.

Upon the facts disclosed by the record, we cannot concur in appellant's view that plaintiffs are estopped by the judgment in the former action, and, since the material facts upon which plaintiffs based their present action were not controverted, except the value of the 94.48 acres of land, defendant's motion for judgment of nonsuit was properly denied.

The appellant assigns as error the failure of the trial judge to submit two issues which it tendered. One of these presented the question of mutual mistake in the description of the land conveyed, and the other

related to an alleged estoppel by conduct on the part of the plaintiffs in accepting the deed with knowledge of the true boundaries of the property owned by defendant.

The exception to the refusal of the court below to submit these issues cannot be sustained. There was neither allegation nor proof of mutual mistake, and the evidence was not sufficient to require the submission of an issue as to estoppel by conduct. While the plaintiff E. H. Jefferson had been, prior to the execution of the deed, employed by defendant, and it was testified that a witness told him where certain lines were, there was no evidence that he had definite knowledge of the boundaries and extent of the land conveyed, or was aware of the defect of title as to so large a portion of the land described in his deed. Plaintiff testified that he relied upon the description of the land set out in the deed, which contained covenants of seizin and warranty, and was accompanied by a map showing by metes and bounds 384.5 acres of land then being sold him by the defendant.

On the appeal of defendant Southern Land Sales Corporation we find No error.

### PLAINTIFFS' APPEAL.

Plaintiffs also appealed from an adverse ruling of the court below in the settlement of the case on appeal, but the disposition of the appeal of the defendant Southern Land Sales Corporation renders unnecessary consideration of the question raised, and accordingly plaintiffs' appeal is

Dismissed.