### LEWIS W. STANCIL v. W. J. WILDER.

(Filed 17 March, 1943.)

**1. Judgments § 30—**

A judgment is decisive of the points raised by the pleadings or which might properly be predicated thereon. This does not embrace any matters which might have been brought into the litigation, or any causes of action which plaintiff might have joined, but which, in fact, are neither joined nor embraced in the pleadings.

**2. Judgments § 32—**

In a suit to foreclose a mortgage, which had been assigned to plaintiff, judgment of foreclosure is not *res judicata*, in a subsequent action by the mortgagor against the plaintiff in the foreclosure suit to have him declared a trustee holding the title to the lands foreclosed for the benefit of the mortgagor.

APPEAL by plaintiff from *Stevens, J.,* at September Term, 1942, of JOHNSTON.

This is a civil action to have the defendant declared a trustee holding title for the plaintiff of certain lands formerly owned by the plaintiff and bid in at a foreclosure sale and deed taken therefor by the defendant.

The plaintiff in his complaint alleges that he was the owner of the *locus in quo* prior to 1922; that on 15 December, 1922, he executed a note for $2,000.00, payable in sixty-six semiannual installments to the Federal Land Bank of Columbia, which note was secured by a mortgage on the *locus in quo;* that said note and mortgage were transferred to the defendant by the Land Bank pursuant to an agreement between the plaintiff and defendant that the defendant was to hold said note and mortgage in trust and to permit the plaintiff to pay them on the same terms as he was paying the Land Bank, as well also as to protect the plaintiff from a small balance due on a second note and mortgage for $2,163.16 which he had executed 1 January, 1924, on the *locus in quo,* to one Creech, which had been assigned to one Godwin; that pursuant to

said agreement the plaintiff had surrendered to the defendant his receipts for, and other evidences of payments of, the Creech-Godwin indebtedness. and had also written the Land Bank requesting the transfer of the note and mortgage it held to the defendant; that after the defendant had procured the transfer to himself of the Land Bank note and mortgage pursuant to the agreement between plaintiff and defendant, the defendant failed to make settlement of the junior note and mortgage to Creech, assigned to Godwin, as he agreed, and allowed said mortgage to be foreclosed, and instituted foreclosure action of the Land Bank mortgage which had been assigned to him, and at the foreclosure sale thereof he, the defendant Wilder, became the last and highest bidder for the *locus in quo,* and received deed therefor in his own name.

The plaintiff prays judgment "that the defendant be adjudged as holding the lands described in the complaint in trust for the plaintiff," that an accounting be had, and that a receiver be appointed "to take charge of said trust property pending a final termination of the action."

After filing answer the defendant lodged a motion to dismiss the plaintiff's action for the reason that it is *res judicata,* which motion was allowed, and from judgment of dismissal predicated on this ruling, the plaintiff appealed, assigning error.

*Thomas J. Moore and Parker & Lee for plaintiff, appellant.*
*E. J. Wellons for defendant, appellee.*

SCHENCK, J.  The question posed by this appeal is:  Was the foreclosure action, in which W. J. Wilder was plaintiff and Lewis W. Stancil and others were defendants, *res judicata* in the present action, wherein Lewis W. Stancil is plaintiff and W. J. Wilder is defendant, to have the defendant declared a trustee holding title for the plaintiff?  We are of the opinion, and so hold, that the answer is in the negative.

No reference is made in the pleadings in the foreclosure action instituted by W. J. Wilder against Lewis W. Stancil to the agreement between the said Stancil and Wilder alleged in the complaint as the basis of the present action.  The agreement alleged in the present action was in no wise put in issue in the foreclosure action, and was not necessarily involved therein.  While it may be conceded that the alleged agreement between the plaintiff and defendant might have been pleaded in the foreclosure action, and might have been adjudicated therein, still the fact remains that it was not so pleaded, and the pleading thereof was not necessary to determine the issues involved in the foreclosure action, mainly, the indebtedness of the defendant Stancil to the Land Bank, the assignment thereof to the plaintiff Wilder, and the default in the payment thereof by the defendant Stancil.

The judgment entered in the foreclosure action was decisive only of the points raised by the pleadings, or which might properly be predicated upon them, and does not embrace any causes of action which might have been brought into the litigation, but which were neither actually joined nor embraced in the pleadings.

The apposite law in the present action is clearly and succinctly stated in *Tyler v. Capehart*, 125 N. C., 64, 34 S. E., 108, quoted with approval in *Shakespeare v. Land Co.*, 144 N. C., 516, 57 S. E., 213; and in *Jefferson v. Sales Corp.*, 220 N. C., 76, 16 S. E. (2d), 462, as follows: "The judgment is decisive of the points raised by the pleadings or which might properly be predicated on them. This certainly does not embrace any matters which might have been brought into the litigation, or any causes of action which plaintiff might have joined, but which, in fact, are neither joined nor embraced in the pleadings."

Without intending to express any opinion affecting the ultimate disposition of the case, we reverse the judgment below and direct a new trial.

Reversed.