JOEL H. DAVIS AND C. K. HOWE v. SAM W. MORGAN.

(Filed 29 October, 1947.)

**1. Quieting Title § 2—**

Plaintiffs' evidence tending to identify the *locus in quo* as the land embraced within the State grant under which they claim, *held* sufficient to overrule nonsuit.

**2. Same: State § 2c—**

Plaintiffs' evidence that the *locus in quo* embraced within their State grant was not covered by navigable waters, *held* sufficient to overrule nonsuit. G. S., 146-1.

DAVIS v. MORGAN.

**3. Deeds § 19—**

A proceeding under the Torrens Law is a proceeding *in rem*.

**4. Same: Judgments § 32—**

The present plaintiffs and defendant were parties defendant in a proceeding under the Torrens Law, but the description of the land in that proceeding did not include the land claimed by plaintiffs in this suit. *Held:* Plaintiffs in this suit could not have filed cross-complaint against defendant herein to try title to the land not described in the Torrens proceeding, and therefore the judgment in that proceeding cannot operate as an estoppel, the matter in dispute not being cognizable in the former action.

**5. Trespass § 3—**

In an action in trespass to try title, the failure of evidence of title in one of the plaintiffs does not justify nonsuit, since one tenant in common owning only an undivided interest in the land can maintain action against a trespasser.

**6. Waters and Watercourses § 12:  Appeal and Error § 39f—**

Plaintiffs claimed title to a part of the *locus in quo* by accretion. The court defined accretion as the gradual deposit of material by waters so as to cause that to become dry land which was theretofore covered by water, and in compliance with defendant's prayer for instruction, charged that the doctrine did not apply to land reclaimed by man in filling in land once under water. *Held:* Defendant cannot complain of the instruction.

**7. Pleadings § 22b—**

In this action in trespass plaintiffs allege title under a State grant and also under a judgment in a proceeding under the Torrens Law. *Held:* The court had discretionary power at the trial to permit plaintiffs to amend the complaint, over objection, by withdrawing all reference to the proceedings under the Torrens Law.

**8. Evidence § 42f—**

Plaintiffs alleged title under a State grant and under a judgment in a proceeding under the Torrens Law. At the trial, plaintiffs were allowed to amend by withdrawing all reference to the proceeding under the Torrens Law. *Held:* Defendant was entitled to introduce the portions of the original complaint which had been withdrawn in evidence as "evidential admissions" or declarations against interest, and the exclusion of such evidence is error.

**9. Trial § 31c—**

In this action in trespass, defendant contended upon supporting evidence that the State grant under which plaintiffs claimed covered only a portion of the *locus. Held:* A charge of the court that either the plaintiffs are entitled to all the land in controversy or that the defendant is entitled to all the land, must be held for error as removing from consideration of the jury defendant's evidence that plaintiffs' grant covered only a portion of the *locus.*

DAVIS *v.* MORGAN.

**10. Trial § 31e—**

> Plaintiffs and defendant claimed the *locus* under respective State grants. Defendant contended that plaintiffs' grant could not be accurately located and that, if located, covered only a portion of the *locus*. *Held:* An instruction that by the two grants introduced in evidence title had been shown out of the State, must be held for error as an expression of opinion that the grant under which plaintiffs claim was valid and that it had been located to cover the land in question. G. S., 1-180.

APPEAL by defendant from *Burney, J.,* at June Term, 1947, of CARTERET. New trial.

This was an action to establish plaintiffs' title to a tract of land, containing 45 acres, lying and being in the waters of Beaufort Harbor, and to restrain the defendant from trespassing thereon.

Plaintiffs claimed title to the land described in the complaint under a grant from the State issued in 1853 to Joel H. Davis and J. P. Roberson and by descent and *mesne* conveyances from those original grantees. The defendant denied plaintiffs' title on the ground that the grant of 1853 was void under the statute G. S., 146-1, as attempting to grant land covered by navigable waters; that the grant could not be located; that if the grant could be located at all it did not cover the lands described in the complaint, or if so only a small part thereof. Defendant further alleged that plaintiffs were estopped by the record and final judgment in a proceeding under the Torrens Law entitled *Perry and Rumley v. Morgan, Davis and Howe,* rendered in 1941; and that the defendant was the owner of the land described in the complaint as being within the bounds of a grant issued to the defendant by the State in 1937.

The grant of 1853 described the land thereby granted as follows:

> Containing fifty acres, lying and being in the County of Carteret on the east side of Newport Channel and northeast of Bogue Channel and about southwest of Town Marsh. Beginning on the south side of the mouth of a slue that runs on the south side of Reed Marsh where said slue empties into Newport Channel, running thence the various courses of the Channel, viz.: south twenty-six degrees west sixty-eight poles, south five degs. east fifty-eight poles, south forty-seven and a half degs., east one hundred and ten poles, then north thirty-five degs. east twenty-seven poles, then north fifty-five degs. west one hundred and seven poles, then north forty-seven and a half degs. west sixty-eight degs. east sixty poles, and thence to the beginning.

The land to which plaintiffs in this action seek to establish their title, as embraced within the grant of 1853, is described in the complaint as follows:

Lying in Beaufort Harbor, beginning at the north end of the Government Breakwater on the west side of Bulkhead Channel, running with said breakwater and low water mark, south 14, east 1790 feet to the south end of said breakwater; thence with the low water mark of Fort Channel north 40 west 1875 feet to a stake; thence north 1, east 2100 feet to the low water mark of the slough; thence with said low water mark of the slough and bulkhead or Beaufort Channel southeastwardly to the beginning, containing 45 acres, more or less.

The grant under which defendant claims was issued in April, 1937, and describes the land granted as follows:

Containing fifty-eight and nine-tenths (58.9) acres, lying and being in the County of Carteret, Beaufort Township: Beginning at an iron stake at the southwest corner of the S. W. Morgan property and running with the Morgan southern line south eighty-seven (87) degrees east six hundred and forty-four (644) feet to Morgan's southeast corner; thence south four (4) degrees east two thousand two hundred and fifty-two (2,252) feet to an iron stake at the northern point of breakwater; thence with the breakwater south fourteen (14) degrees east one thousand seven hundred and ninety (1,790) feet to the southern end of the breakwater; thence north forty (40) degrees west one thousand eight hundred and seventy-five (1,875) feet to an iron stake; thence north one (1) degree east two thousand five hundred and thirty-seven (2,537) feet to the beginning.

Upon issues submitted to the jury there was verdict that plaintiffs were the owners of the land described in the complaint, and that defendant had wrongfully trespassed thereon. No damages were allowed.

From judgment on the verdict, defendant appealed.

*C. R. Wheatley, Jr., and D. M. Clark for plaintiffs, appellees.*
*J. F. Duncan and R. A. Nunn for defendant, appellant.*

DEVIN, J. In the trial below defendant moved for judgment of nonsuit on the ground that the evidence was insufficient to show location of the grant of 1853 under which plaintiffs' claim, so as to include any of the land described in their complaint, and on the further ground that the grant was void as attempting to convey land covered by navigable waters in violation of the prohibition contained in the statute, G. S., 146-1. However, upon the evidence offered by the plaintiffs, giving to it that favorable consideration required by the rule on motions to nonsuit, we think the ruling of the trial judge on this point must be upheld. This is

in accord with what was held by this Court in *Perry v. Morgan,* 219 N. C., 377, 14 S. E. (2d), 46, where the same question on similar evidence as to an adjoining portion of the land conveyed by the grant of 1853 was presented.

Likewise, the defendant's plea that plaintiffs are estopped by the record and final judgment in *Perry v. Morgan* cannot be sustained. True, in that case, the defendant Morgan and the plaintiffs Davis and Howe were parties defendant, and the title of Davis and Howe to land under the grant of 1853 was involved, but that was a proceeding under Chap. 43 of the General Statutes, known as the Torrens Law, a proceeding *in rem,* instituted by F. K. Perry and J. H. Rumley to register title to land, the description of which did not include the land claimed by plaintiffs in this suit. *Cape Lookout Co. v. Gold,* 167 N. C., 63, 83 S. E., 3. In that proceeding Davis and Howe became parties and alleged title in themselves under the grant of 1853 as against the petition of Perry and Rumley. The title to the land described in the present complaint was not in issue. In the proceeding under the Torrens Law these plaintiffs, Davis and Howe, would have had no right to file a cross-complaint against Morgan to try the title to land not described in Perry's petition. It was said in *Jenkins v. Jenkins,* 225 N. C., 681, 36 S. E. (2d), 233: "The judgment is conclusive only on the points raised by the pleadings or which might justly be predicated on them, and the rule does not embrace matters not properly introduced and not cognizable in the former action and as to which no judgment was rendered." *Jefferson v. Sales Corp.,* 220 N. C., 76, 16 S. E. (2d), 462; *Stancil v. Wilder,* 222 N. C., 706, 24 S. E. (2d), 527; *Gillam v. Edmonson,* 154 N. C., 127, 69 S. E., 924; *Tyler v. Capehart,* 125 N. C., 64, 34 S. E., 108.

The defendant also points to the failure of plaintiff Howe to show title in himself to an interest in the land claimed under the grant of 1853, but this would not entitle defendant to a nonsuit, as one tenant in common owning only an undivided interest in land can maintain action against a trespasser. *Winborne v. Lumber Co.,* 130 N. C., 32, 40 S. E., 825.

The grant of 1853 was for a tract of land lying and being in and surrounded by the waters between Beaufort and Morehead City. It appears from the evidence that the land was partially or at times submerged. It is variously referred to in the testimony as an island, a marsh, a shoal. Prior to the dredging operation later undertaken only a small portion, known as Abel's Island or Marsh, seems to have been above water at ordinary high tide. The grant describes a tract containing 50 acres, and according to the survey and map thereof, used in the trial to illustrate the testimony of the Engineer Geo. J. Brooks, its shape was in the form of a long narrow curved strip, beginning on the south side of the mouth of a slue or slough (Westernhead Slough) on the east

side of Newport Channel or River, and extending in a southeast direction along Newport Channel and along Bogue Sound or Fort Channel, thence curving eastward with the shore line and extending to what is now the breakwater and Bulkhead Channel. It appears from the map to have had an average width of about 150 yards, with total length of approximately a mile. By accretion from the north and east the acreage as now claimed by the plaintiffs has increased to more than 100 acres. Plaintiffs contended this increase was due to the gradual and continuous shifting of sand and silt caused by wind and tide. The defendant on the other hand contended that the increased amount of land was due to the dredging operations carried on by the United States Government during recent years; that prior to these excavations there was between the eastern end of the land claimed to be covered by plaintiffs' grant and the breakwater open water more than 600 feet in width; that in the prosecution of dredging operations in connection with the Morehead City port terminal sand, mud and silt were poured into this space until it was entirely filled up; and that defendant Morgan then made entry and secured a grant from the State for this land, 58.9 acres, description of which is set out above, and that this is the land (or 45 acres of it) which the plaintiffs now claim in this suit, and seek to have added to their eastern boundary. Defendant further calls attention to the evidence, which he offered to show, that as a result of the proceeding under the Torrens Law, in *Perry v. Morgan,* plaintiffs have had their title registered as to 48 acres covered under the grant of 1853, after yielding to Perry by compromise a like acreage derived from the same source.

On the question of accretion and plaintiffs' riparian rights thereto, the court charged the jury, among other things, as follows: "Accretion is the increase of real estate by the gradual deposit by water of solid material, whether mud, sand or sediment, so as to cause that to become dry land which was before covered by water," and then, in compliance with defendant's prayer for instruction, charged the jury that "the doctrine of accretion does not apply to land reclaimed by man by filling in land once under water and making it dry." We do not think the defendant can complain of this instruction. The plaintiffs did not appeal. As we think there must be a new trial for reasons hereinafter stated, we deem it unnecessary now to determine the extent of the plaintiffs' rights, if any, to the alluvion created by the imperceptible action of natural forces or to that produced in consequence of human agency, under the conflicting evidence here presented. See *Kelly v. King,* 225 N. C., 709, 36 S. E. (2d), 220; *Ins. Co. v. Parmele,* 214 N. C., 63, 197 S. E., 714; *R. R. v. Way,* 169 N. C., 1, 85 S. E., 12; *Ward v. Willis,* 51 N. C., 183; *Lamfrey v. State,* 52 Minn., 181; *Brundage v. Knox,* 279 Ill., 450; *Patton v. Los Angeles,* 169 Cal., 521; *County of St. Clair v. Lovingston,* 90 U. S., 46; 45 C. J., 526; Tiffany Real Property, sec. 534, *et seq.*

DAVIS *v.* MORGAN.

In their original complaint the plaintiffs had alleged title to the land described, not only under the grant of 1853, but also under the judgment in the proceeding under the Torrens Law entitled *Perry v. Morgan.* Later, perceiving that the petition and judgment in that proceeding made reference to the Morgan line as the eastern boundary of lands claimed by plaintiffs under the grant of 1853, at the trial plaintiffs asked leave to amend the complaint by withdrawing all reference to the proceeding under the Torrens Law. This was allowed over objection. This was a matter within the discretion of the court. But subsequently when the defendant came to present his evidence he offered as evidence the portions of the original complaint which had been thus withdrawn. Upon objection of plaintiffs this was excluded. In this we think there was error. It was competent for the defendant to offer as evidence the allegations originally made by the plaintiffs as "evidential admissions," or declarations against interest, and in delimitation of plaintiffs' present claim. *Winborne v. McMahan,* 206 N. C., 30, 173 S. E., 278; *Hotel Corp. v. Dixon,* 196 N. C., 265, 145 S. E., 244; *Morris v. Bogue Corp.,* 194 N. C., 279, 139 S. E., 433; *Adams v. Utley,* 87 N. C., 356; Stansbury on Evidence, sec. 177.

In another instance the defendant's exception seems to have been well taken. During the trial, in response to suggestion from the court, the defendant tendered written prayers for instructions setting out defendant's contentions. Among the contentions thus stated was that the grant under which the plaintiffs' claim could not be accurately located, and if located as claimed by plaintiffs, according to the map used by the surveyor in the case, it covered only about 8 acres of the land in controversy. Evidently inadvertent to the contention based upon testimony thus presented, the court charged the jury that it was admitted by plaintiffs and defendant "that either the plaintiffs are entitled to all the land in controversy or that the defendant is entitled to all the land in controversy," thus removing from the consideration of the jury a phase of the testimony tending to show plaintiffs' grant covered only 8 acres of the land described in the complaint, and limiting recovery to a part rather than the whole tract.

Again, the defendant excepted to the court's instruction to the jury that by the two grants introduced in evidence (plaintiffs' grant of 1853 and defendant's grant of 1937) title to the land in controversy had been shown out of the State. This would seem to convey the permissible inference of an expressed opinion that the grant under which plaintiffs' claim was valid, and that it had been located to cover the land in controversy. G. S., 1-180.

For the errors herein pointed out we conclude that a new trial should be awarded, and it is so ordered.

New trial.