ELBERT HERRING v. QUEEN CITY COACH COMPANY AND MRS. MABEL SPIVEY, ADMINISTRATRIX OF PAUL SPIVEY, DECEASED.

(Filed 7 June, 1951.)

**1. Judgments § 33b—**

A consent judgment, as well as a judgment on trial of issues, is *res judicata* as between the parties upon all matters embraced therein.

**2. Same: Torts § 6: Pleadings § 31—Consent judgment adjudicating contributing negligence may be pleaded in bar to right of contribution.**

In an action against a bus company, consent judgment was entered in favor of the administratrix of the driver of the car involved in the collision, in which action the issue of intestate's contributory negligence was raised by the pleadings. Consent judgments were also entered in her favor individually and as next friend of a passenger in the car. In a later action involving the same collision instituted by a passenger in the bus against the bus company, it sought to join the administratrix on the theory that her intestate was a joint tort-feasor. *Held:* The administratrix was entitled to plead the consent judgment in her favor as administratrix in bar to the right of contribution, since it adjudicated the question of intestate's contributing negligence as between the parties, but the other consent judgments have no proper relation to the bus passenger's action, and the administratrix' allegations setting them up should have been stricken on motion.

APPEAL by defendant Coach Company from *Stevens, J.,* September Term, 1950, of DURHAM. Modified and affirmed.

Plaintiff instituted this action to recover damages for injury sustained while a passenger on the bus of the defendant Coach Company. The injury was alleged to have resulted from the negligence of the defendant Coach Company in driving its bus into the automobile of Paul Spivey.

Defendant Coach Company in its answer denied negligence on its part, and alleged that the negligence of Paul Spivey was the sole proximate cause of the collision and consequent injury to plaintiff. It further alleged that if the answering defendant be held negligent in any respect then Paul Spivey's negligence, operating jointly and concurrently, was a contributing cause of the injury, and defendant prayed in event of recovery against it that it have judgment against Mabel Spivey, Administratrix of Paul Spivey (now made an additional party defendant) for contribution under G.S. 1-240.

In answer to the allegations of the cross-action against her, Mabel Spivey, Administratrix of Paul Spivey, denied that Paul Spivey was negligent as alleged, and as a further defense alleged that she as administratrix of Paul Spivey, had instituted suit against defendant Coach Company for damages for his wrongful death resulting from the collision described in the complaint, and that defendant Coach Company had answered in that suit denying its negligence and setting up as a defense contributory negligence on the part of Paul Spivey; that thereafter judgment by consent was rendered against the defendant adjudging that Mabel Spivey, Administratrix of Paul Spivey, recover of defendant $4,000 damages in that suit.

Mabel Spivey, Administratrix, alleged also that as growing out of the collision referred to she individually and as next friend of Linda Darnell

Spivey had sued the defendant Coach Company for damages for personal injuries caused by the negligence of the defendant Coach Company, and judgment in each case was rendered against the defendant. She pleads these judgments as *res judicata* and a bar to defendant's cross-action against her for contribution on allegations that Paul Spivey was a joint tort-feasor.

Defendant Coach Company moved to strike from the further answer of Mabel Spivey, Administratrix, such portions as referred to these judgments, particularly paragraphs 1, 2, 3 and 4 and exhibits A, B and C. This motion was denied and defendant Coach Company appealed.

*Fuller, Reade, Umstead & Fuller, A. H. Graham, Jr., for defendant Mrs. Mabel Spivey, Administratrix, appellee.*

*R. M. Gantt for defendant Queen City Coach Company, appellant.*

DEVIN, J. The question presented by the appeal is the propriety of the ruling below denying the motion of the defendant Coach Company to strike from the answer of the additional defendant Mabel Spivey the allegations which refer to a previous judgment rendered in her favor as administratrix of Paul Spivey and against defendant Coach Company for damages for the wrongful death of Paul Spivey as result of the collision between his automobile and defendant's bus. This judgment is pleaded now as *res judicata* and determinative of the question of the negligence of Paul Spivey in causing the collision, for the reason that the question of his contributory negligence having been an issue in that suit and by the judgment decided adversely to the defendant, could not again be set up in a cross-action for contribution between the same parties.

The rule seems to have been established that when in a cross-action by the defendant against an additional defendant for contribution as joint tort-feasor, it appears that in a previous action between them it had been determined that the additional defendant had not been contributorily negligent, the question could not again be raised in a suit between the same parties. *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240; *Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614; 2 Freeman on Judgments, sec. 670. In the opinion in the *Tarkington case,* where the facts were similar, *Chief Justice Stacy* stated the applicable rule as follows: "The prior suit as between the then parties litigant determined the question whether the driver of the automobile was contributorily negligent or a joint tort-feasor with the owner and driver of the truck in bringing about the collision. Hence, as between the parties there litigant, this matter would seem to be *res judicata.*"

The defendant Coach Company, however, contends the rule stated in *Tarkington v. Printing Company, supra,* was predicated on a finding by the jury on issue submitted that the driver of the automobile was not guilty of contributory negligence, and this rule should not be applied when the judgment was by consent. True, the judgment set up here was a consent judgment, but it does appear that in the former suit this defendant pleaded as an affirmative defense the contributory negligence of Paul Spivey, and the judgment adjudged that plaintiff recover of the defendant the sum of $4,000 in the suit for the wrongful death of Paul Spivey. There were no reservations in the judgment, and, nothing else appearing, this judgment constitutes a final determination of the issues raised by the pleadings. *Jenkins v. Jenkins,* 225 N.C. 681 (684), 36 S.E. 2d 233; *Jefferson v. Sales Corp.,* 220 N.C. 76, 16 S.E. 2d 462; *Stancil v. Wilder,* 222 N.C. 706, 24 S.E. 2d 527. A judgment for the plaintiff under these circumstances without qualification or reservation would necessarily dispose adversely of an affirmative defense pleaded in bar by the defendant. 31 A.J. 107.

The general rule is stated in an elaborate note in 2 A.L.R. 2d 511, as follows: "As a general proposition, it is well settled that a valid judgment or decree entered by agreement or consent operates as *res judicata,* to the same extent as a judgment or decree rendered after answer and contest, and is binding and conclusive upon the parties, and those in privity with them." It was said in *Law v. Cleveland,* 213 N.C. 289, 195 S.E. 809, "It is well settled that a consent judgment is just as valid and binding as a judgment rendered after trial of a cause." *Simmons v. McCullin,* 163 N.C. 409, 79 S.E. 625; *Lalonde v. Hubbard,* 202 N.C. 771, 164 S.E. 359; *Gibson v. Gordon,* 213 N.C. 666, 197 S.E. 135.

This rule, however, would not apply here to the consent judgments entered in the suits against the defendant by Mabel Spivey individually, or as next friend of Linda Darnell Spivey, as it does not appear that they were parties to the suit by the personal representative of Paul Spivey, or that his contributory negligence was at issue in those suits; nor is contribution now sought from them as joint tort-feasors. Those suits do not seem to have any proper relation to the present action.

The court properly declined to allow the motion of defendant Coach Company to strike the first paragraph of the further answer and defense of Mabel Spivey, Administratrix, but the judgment should be modified to sustain this defendant's motion to strike paragraph 2 thereof and exhibits B and C which were made parts of this paragraph.

As thus modified the judgment is

Affirmed.