A. B. MORRIS v. BOGUE DEVELOPMENT CORPORATION AND L. B. WEST.

(Filed 28 September, 1927.)

**1. Evidence—Pleadings—Amendments—Admissions.**

In a civil action to recover for services rendered where an amendment to the complaint has been allowed and filed by the plaintiff, the allegations of the original complaint when contradictory to the plaintiff's position upon the trial are competent evidence of admissions when relevant and having that effect.

**2. Same—Attorney and Client—Principal and Agent.**

Where the original complaint has been amended its allegations are competent as admissions of plaintiff, when falling within the rule, though the pleading has been signed only by the plaintiff's attorney and not signed or verified by him, it being within the scope of the authorized acts of the attorneys and a part of the court records in the case.

APPEAL by Bogue Development Corporation from *Cranmer, J.,* and a jury, at June Term, 1927, of CARTERET. New trial.

*C. R. Wheatley and J. F. Duncan* for plaintiff.
*E. H. Gorham and Cowper, Whitaker & Allen* for defendant.

CLARKSON, J. This is a civil action brought by plaintiff against defendant to recover $1,000. The amended complaint alleges "being the brokerage due the plaintiff for his services, time and skill."

For the purpose of impeachment, the defendant offered in evidence the original, or first, complaint filed in the action. This was objected to by plaintiff, and sustained by the court below. In this we think there was error.

In *Norcum v. Savage,* 140 N. C., 472, it was decided: Where defendant had been permitted to file an amended answer, the original answer containing admissions was admissible. *Adams v. Utley,* 87 N. C., 356; *Guy v. Manuel,* 89 N. C., 83; *Cummings v. Hoffman,* 113 N. C., 267; *Gossler v. Wood,* 120 N. C., 69; *Willis v. Tel. Co.,* 150 N. C., 318; *White v. Hines,* 182 N. C., 275; *Weston v. Typewriter Co.,* 183 N. C., p. 1.

In *Guy v. Manuel,* 89 N. C., at p. 84, quoting from *Adams v. Utley, supra,* it is said: "It was held that the evidence was competent, and that 'the admissions of a party are always evidence against him, and the fact that they are contained in the pleadings filed in the cause does not affect its competency." But the defendant's counsel insist that that case is distinguishable from this, because there the answers were verified by the defendant, and in this, they are simply signed by counsel without verification. It is a distinction without a practical difference. For the admissions of attorneys in the conduct of an action are always admissible in evidence against their clients, especially when the admissions are of record."

In *Ledford v. Power Co., ante,* at p. 102, it is said: "The pleading was competent, although in another case—a declaration of the party. 22 C. J., sec. 374(3); *Bloxham v. Timber Corp.,* 172 N. C., 37; *Alsworth v. Richmond Cedar Works,* 172 N. C., p. 17; *Pope v. Allis,* 115 U. S., p. 353."

For the reasons given, there must be a
New trial.