JAROSLAV J. KABATNIK v. WESTMINSTER COMPANY

No. 8218SC553

(Filed 6 September 1983)

**Judgments § 37— res judicata inapplicable where neither identity of issues nor parties**

In an action by an architect against a real estate developer, where the architect had previously entered into a voluntary dismissal with prejudice in a suit against the original developer, the trial court erred in finding that defend-

ant was entitled to a directed verdict as a matter of law "on the grounds of *res judicata* and collateral estoppel in consequence of the dismissal with prejudice in the prior action" since, even assuming that there was privity or even identity between the original developer and the defendant, the claim asserted by plaintiff here arose under a separate state of facts from those that gave rise to the counterclaim in the prior action.

APPEAL by plaintiff from *Morgan, Judge.* Order entered 12 February 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 April 1983.

This is a civil action wherein plaintiff seeks to recover from defendant certain fees due under a contract between plaintiff and defendant for architectural services.

Plaintiff is an architect and defendant is a real estate developer. These parties entered into an agreement in June of 1976 whereby plaintiff was to provide architectural services to defendant in connection with the development of a 100 unit residential rental project. Plaintiff's total fees under this contract amounted to $60,307 when the project was completed in 1979. Defendant has paid plaintiff all but $7,700 of the amount owing under the contract. Defendant has withheld the $7,700 in order to reimburse Dr. George Simkins for advancements allegedly made by Simkins to Kabatnik. Simkins is the original developer of the project and Kabatnik previously had worked for him on the project.

In withholding the $7,700, defendant is relying on a clause in its contract with Kabatnik that reads as follows:

From design, engineering and supervisory fees earned and received, architect agrees to reimburse Dr. George Simkins for architectural advances.

Plaintiff brought this action against defendant on 1 December 1980 to recover the $7,700 allegedly owed him by defendant. Dr. Simkins has not been made a party to this action.

While not a party here, Dr. Simkins was the plaintiff in a 1978 action against Kabatnik. This prior action (*Simkins v. Kabatnik*) involved reimbursement for advances on architectural fees in connection with the same project. Simkins sued Kabatnik for $1,500 allegedly owed him as reimbursement for advancements made to Kabatnik under an agreement with him. Kabatnik coun-

terclaimed against Simkins alleging that Simkins owed him a balance of $14,800 on a total bill of $22,500 for services rendered under the agreement between June 1972 and June 1975. Simkins responded, asserting as an affirmative defense payment of $7,700 to Kabatnik as complete accord and satisfaction of the counterclaim. The affirmative defense was later amended to say that the counterclaim had been satisfied by compensation paid by Westminster for the same services. On 1 December 1980, the same day as the filing of the complaint in this action, Simkins and Kabatnik took voluntary dismissals with prejudice with respect to their claims in the prior action, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

This action came to trial before a jury at the 8 February 1982 Session of Guilford County Superior Court. Evidence at the trial tended to show that plaintiff was under contract with defendant and that he had previously worked for Simkins on the same project. Plaintiff testified that in connection with this earlier work, he had received an advancement of $7,700 from Simkins, but that this amount had been applied against the amount owed to plaintiff by Simkins under their agreement. Plaintiff also testified that he had demanded payment by defendant of the $7,700 but that defendant had refused. Submitted into evidence was plaintiff's invoice to Dr. Simkins in the amount of $22,500 for work performed by plaintiff from June 1972 to June 1975.

At the conclusion of plaintiff's evidence, defendant moved under Rule 50(a), N.C. Rules Civ. Proc., for a directed verdict. The trial judge concluded that defendant was entitled to a directed verdict as a matter of law "on the grounds of *res judicata* and collateral estoppel in consequence of the dismissal with prejudice in the prior action of *George C. Simkins, Jr. v. Jaroslav J. Kabatnik*." From this order, plaintiff appealed.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for plaintiff appellant.*

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith, for defendant appellee.*

JOHNSON, Judge.

The question presented by this appeal is whether the trial court's grant of defendant's motion for directed verdict on the

grounds of *res judicata* and collateral estoppel was proper. The court's ruling was based on the prior action of *Simkins v. Kabatnik*, which involved an agreement that was similar to the contract in this case in several respects: (1) it involved the rendering of architectural services by Kabatnik; (2) it involved the same construction project; (3) it contained a provision for the reimbursement of Simkins by Kabatnik for architectural advancements. *Simkins v. Kabatnik* involved work done by Kabatnik from June 1972 until June 1975. While the *Simkins v. Kabatnik* action was never tried, it was conclusively settled by the voluntary dismissal with prejudice of all claims involved in the action.

The present action involves a written contract between Kabatnik and Westminster Company. The work that is the basis of Kabatnik's claim was begun in 1975 and completed in 1979. Plaintiff argues that neither *res judicata* nor collateral estoppel apply in this case. Plaintiff contends that neither the issue nor the parties in the prior action are sufficiently identical with the issue and parties in the present case to bar plaintiff's assertion of his claim. Defendant argues that the voluntary dismissal with prejudice of Kabatnik's counterclaim in the prior action bars Kabatnik from asserting his present claim. Defendant contends that the claim asserted here by Kabatnik could and should have been asserted in the prior action and that Kabatnik's failure to do so estops him from asserting it here.

Although it is not clear from either the briefs or the records, the $7,700 amount in controversy here is apparently derived from the $7,700 paid by Simkins to Kabatnik in satisfaction of Kabatnik's counterclaim, as alleged in Simkins' initial affirmative defense in the prior action. Although again it is not clear from the records or briefs, defendant apparently interprets this payment as an advancement by Simkins to Kabatnik for which Simkins is entitled to reimbursement under the contract between Kabatnik and Westminster. In addition, defendant apparently interprets the dismissal of the prior action as conclusive of the rights of the parties to this action with regard to the contract in this action and asserts it as a bar to plaintiff's present claim.

The principles of law that control the question raised by this appeal are well established in North Carolina. A final judgment, rendered on the merits by a court of competent jurisdiction, is

conclusive as to the issues raised therein with respect to the parties and those in privity with them and constitutes a bar to all subsequent actions involving the same issues and parties. *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962); *Gaithers Corp. v. Skinner*, 241 N.C. 532, 85 S.E. 2d 909 (1955). In order for *res judicata* to apply, there must have been a prior adjudication on the merits of an action involving the same parties and issues as the action in which the defense of *res judicata* is asserted. *King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973); *Teague v. Alexander*, 38 N.C. App. 332, 247 S.E. 2d 775 (1978), *disc. rev. denied*, 296 N.C. 414, 251 S.E. 2d 473 (1979). Strict identity of issues, however, is not absolutely required and the doctrine of *res judicata* has been accordingly expanded to apply to those issues which could have been raised in the prior action, but were not. *Gaithers Corp. v. Skinner, supra. Res judicata* will apply regardless of any differences in the manner in which the claims are asserted.

> [U]nder application of the rule precluding subsequent litigation of the same cause of action, a party defendant who interposes only a part of a claim by way of recoupment, setoff, or counterclaim is ordinarily barred from recovering the balance in a subsequent action.

*Id.* at 536, 85 S.E. 2d at 911. For purposes of *res judicata*, a voluntary dismissal with prejudice is an adjudication on the merits in favor of the opposing party. *Barnes v. McGee*, 21 N.C. App. 287, 204 S.E. 2d 203 (1974).

Applying these principles to the case before us, it is clear that there is not sufficient identity of issues for *res judicata* to apply. Assuming that there is privity or even identity between Simkins and Westminster, the claim asserted by Kabatnik here arises under a separate state of facts from those that gave rise to the counterclaim in the prior action. The only effect that the prior action could reasonably have on the present one is merely that of a case law interpretation of the contract, but that question was never reached in the prior action. Rather, the prior action determined only that Simkins' claim for reimbursement had no merit and that Kabatnik's counterclaim for compensation had no merit. *See Barnes v. McGee, supra.* The agreement in the prior action and the contract here, while similar, are not the same. Work

under the former was completed and the prior claim mature before work under the latter had even begun. The present claim did not mature until 1979, almost four years after the first claim.

Moreover, there is no evidence in the record that Simkins had made any claim for an offset against the amount allegedly owed to Kabatnik under the contract. While the evidence does show that Kabatnik received $7,700 from Simkins, there is no evidence that this amount is an advancement to be offset against plaintiff's present claim against defendant. We fail to see how the prior claim is *res judicata* or collateral estoppel with respect to any of the questions or issues in the present case. The order appealed from must, therefore, be reversed and the cause remanded for appropriate further proceedings in the trial court.

Reversed and remanded.

Judges HILL and PHILLIPS concur.