JAROSLAV J. KABATNIK v. WESTMINSTER COMPANY

No. 8418SC423

(Filed 18 December 1984)

**1. Architects § 2— action to recover architect's fees—evidence sufficient for jury**

In an action to recover architect's fees withheld under a contract clause requiring reimbursement of advances paid by the original developer, defendant's motion for a directed verdict was properly denied where the evidence taken in the light most favorable to plaintiff showed that plaintiff furnished all architectural services required under the present contract, the present contract made no reference to withholding by defendant, and the payment interpreted by defendant as an advance from the original developer was asserted by that developer in a prior action to be an accord and satisfaction for services rendered.

**2. Evidence § 23— amended pleading—prior action—admissible**

In an action to recover architect's fees withheld under a contract clause requiring reimbursement of advances paid by the original developer, the court did not err in admitting a pleading from a prior action between the architect and the original developer which was later amended and which was contradictory to the testimony of the original developer in the current action. Amended, withdrawn, or abandoned pleadings are admissible in the absence of evidence that the pleading was unauthorized, or an affirmative showing that the party was without knowledge of the real facts when such pleading was prepared.

**3. Architects § 2— instructions on rights of earlier developer—proper**

In an action to recover architect's fees withheld under a contract clause requiring reimbursement of advances paid by an earlier developer, the court correctly instructed the jury on the rights of defendant in regard to the earlier developer's testimony.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 6 January 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 December 1984.

This appeal involves a civil action wherein plaintiff architect seeks to recover from defendant real estate developer certain fees due under a contract between plaintiff and defendant for architectural services.

Plaintiff and defendant entered into an agreement in June of 1976 whereby plaintiff was to provide architectural services to defendant in connection with the development of a 100 unit residential project. Plaintiff's total fee for the project amounted to $60,307 at the project's completion, and defendant has paid plain-

tiff all but $7,700 of the amount owing under the contract. Defendant has withheld $7,700 in order to reimburse Dr. George Simkins, the original developer of the project, in reliance on a clause in the contract with plaintiff that reads as follows:

> 18. From Design, Engineering, and Supervisory fees earned and received, Architect agrees to reimburse Dr. George Simkins for architectural advances.

In a prior action between Dr. Simkins and plaintiff (*Simkins v. Kabatnik*), Simkins sued Kabatnik for reimbursement of advancements made to Kabatnik on architectural fees in connection with the same project. Kabatnik counterclaimed, alleging that Simkins owed him $14,800 on a total bill of $22,500 for services rendered. Simkins responded, asserting as an affirmative defense payment of $7,700 to Kabatnik as an accord and satisfaction of the counterclaim, later amended to say that the counterclaim had been satisfied by compensation paid by Westminster Company for the same services. With the filing of the complaint in this action, Simkins and Kabatnik took voluntary dismissals with prejudice with respect to their claims in the prior action pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

When this action came to trial, defendant moved for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence. These motions were denied. The issue was submitted to the jury and answered as follows:

Is the plaintiff entitled to recover $7,700 from the defendant?

Answer: Yes.

Defendant's motion for judgment notwithstanding the verdict was denied. Judgment was entered upon the verdict in favor of plaintiff for $7,700 plus interest and costs. Defendant appealed.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for plaintiff appellee.*

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith, for defendant appellant.*

HILL, Judge.

Defendant brings forth three assignments of error concerning his motion for directed verdict under Rule 50(a) of the North

Carolina Rules of Civil Procedure, admissibility of evidence, and instructions to the jury. We have examined each of the assignments and find no basis for reversal.

[1]  The first question presented by this appeal is whether the trial court erred in denying defendant's motion for directed verdict. Defendant contends he was entitled to judgment as a matter of law by reason of plaintiff's failure to prove breach of contract.

The question raised by a directed verdict motion is whether the evidence is sufficient to go to the jury. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979); *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). In passing upon such a motion, the trial judge must consider the evidence in the light most favorable to the non-movant, resolving all conflicts and giving to him the benefit of every inference reasonably drawn in his favor. *Rappaport v. Days Inn, supra; Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). A directed verdict motion by defendant may be granted only if the evidence is insufficient as a matter of law to justify a verdict for plaintiff. *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E. 2d 507 (1978).

Applying this standard to the case under review, we find the trial judge properly submitted the breach of contract issue to the jury. The $7,700 amount in controversy is derived from the $7,700 paid by Simkins to plaintiff in satisfaction of plaintiff's counterclaim, as alleged in Simkins' initial affirmative defense in the prior action. Defendant interprets this payment as an advancement by Simkins to plaintiff for which Simkins is entitled to reimbursement under the contract between plaintiff and defendant. However, the agreement in the prior action and the present contract, while similar, are not the same. "Work under the former was completed and the prior claim mature before work under the latter had even begun. The present claim did not mature until 1979, almost four years after the first claim." *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 712-13, 306 S.E. 2d 513, 516 (1983). The present contract made no reference to withholding by defendant. Plaintiff submitted evidence tending to show that he furnished all architectural services required under the present contract. It is well settled that the failure to pay the balance due on a contract for services constitutes a breach of contract. *McGuire v. Sammonds*, 247 N.C. 396, 100 S.E. 2d 829 (1957). Plain-

tiff's evidence, taken in the light most favorable to him, would justify the jury in finding a breach of contract; consequently, the trial judge correctly submitted the issue to the jury.

[2]   Defendant next contends that the trial court erred in admitting into evidence a pleading from the prior action which was later amended. In the prior action of *Simkins v. Kabatnik*, Simkins asserted an affirmative defense of payment to Kabatnik of $7,700 as complete accord and satisfaction of Kabatnik's counterclaim. The affirmative defense, inconsistent with Simkins' testimony in the present action that the $7,700 was an advance for which he should be reimbursed by Kabatnik, was later amended to say that the counterclaim had been satisfied by compensation paid by Westminster Company for the same services.

While defendant asserts the view that a pleading is inadmissible when superseded by an amended pleading, withdrawn, or abandoned, the general rule is to

regard them as affecting the weight, rather than the competency, of the statements, and hold that after making all due allowances there may remain a residuum of probative force in statements in abandoned or superseded pleadings, to the benefit of which the opposite party is entitled, in the absence of evidence that the pleading was unauthorized, or an affirmative showing that the party was without knowledge of the real facts when such pleading was prepared.

31A C.J.S., Evidence, § 304, p. 787. This the defendant has failed to show. In *Morris v. Bogue Corporation*, 194 N.C. 279, 139 S.E. 433 (1927), it was held that in a civil action to recover services rendered where an amendment to the complaint has been allowed and filed by the plaintiff, the allegations of the original complaint when contradictory to the plaintiff's position at trial are competent evidence when relevant. The affirmative defense, inconsistent with Simkins' testimony, was competent, and defendant's contention that its admission was prejudicial error is without merit.

[3]   Defendant finally asserts that the trial court erred in its charge to the jury regarding the rights of Dr. Simkins. Simkins' testimony attempted to interpret the amount he paid to plaintiff as an advancement by Simkins to plaintiff for which Simkins is

entitled to reimbursement under the contract between plaintiff and defendant. Regarding this matter, the trial judge instructed the jury as follows:

> [I]f the plaintiff has proved to you by the greater weight of the evidence that $7,700 paid by the doctor was in payment for work done and that it was not an advance on architectural fees, it would be your duty to answer this issue Yes in favor of the plaintiff.
>
> If, on the other hand, the plaintiff has failed to so prove, or if you are unable to say where the truth lies, it would be your duty to answer this issue No in favor of the defendant.

We believe the trial judge's instruction sufficiently stated the rights of defendant in regard to Simkins' testimony. The instruction, read contextually as a whole, *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970), is correct. Defendant has failed to demonstrate prejudicial error.

No error.

Chief Judge VAUGHN and Judge WEBB concur.