CASWELL REALTY ASSOCIATES I, L.P., Plaintiff v. ANDREWS COMPANY, INC., f/k/a HILLS FOOD STORES, INC. and NASH-FINCH COMPANY, INC., Defendants

No. COA96-1514

(Filed 3 March 1998)

**1. Judgments § 272 (NCI4th)— lease termination—prior voluntary dismissal with prejudice—final adjudication—res judicata—collateral estoppel**

The trial court correctly granted defendant Andrews' motion for summary judgment based upon res judicata and/or collateral estoppel in an action arising from the termination of commercial leases where a voluntary dismissal with prejudice in one of several previous actions was a final adjudication on the merits and there was a sufficient identification of the cause of action with this case.

**2. Judgments § 272 (NCI4th)— lease termination—prior summary judgment—final adjudication—res judicata**

The trial court did not err by granting summary judgment for defendant Nash-Finch based upon res judicata in an action arising from the termination of commercial leases where a summary judgment in one of several previous actions was a final adjudication on the merits for purposes of res judicata and the causes of action are readily identifiable as being the same.

**3. Trial § 13 (NCI4th)— continuance—discretion of trial court**

The trial court did not abuse its discretion by denying a motion to continue in an action arising from the termination of commercial leases. Motions to continue pursuant to N.C.G.S.§ 1A-1, Rules 56(f) and 40(b) are in the trial court's discretion and the court's ruling will not be disturbed absent an abuse of discretion.

Appeal by plaintiff from order entered 8 August 1996 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 9 September 1997.

*Shipman & Associates, L.L.P., by Gary K. Shipman and C. Wes Hodges, II, for plaintiff-appellant.*

*Marshall, Williams & Gorham, L.L.P., by Lonnie B. Williams, for defendant-appellee Andrews Company, Inc.*

CASWELL REALTY ASSOC. v. ANDREWS CO.

[128 N.C. App. 716 (1998)]

*Maupin, Taylor, Ellis & Adams, P.A., by Gilbert C. Laite, III and M. Keith Kapp, for defendant-appellee Nash-Finch Company, Inc.*

TIMMONS-GOODSON, Judge.

This action is the last in a series of three lawsuits arising from an alleged breach of two commercial leases. On 7 August 1987, plaintiff Caswell Realty Associates I, L.P. (hereinafter "Caswell Realty") and defendant Andrews Company, Inc. (hereinafter "Andrews"), formerly known as Hills Foods Stores, Inc., entered into a commercial lease, wherein defendant Andrews agreed to lease from plaintiff approximately 21,000 square feet at the Cape Fear Shopping Center in New Hanover County, North Carolina, for the operation of a grocery store. The lease period was to commence on 1 August 1987 and terminate on 31 July 2002.

In April 1988, Caswell Realty entered into a second commercial lease with defendant Andrews, wherein defendant Andrews agreed to lease from Caswell Realty approximately 19,880 square feet at the Live Oak Village Shopping Center in Brunswick County, North Carolina, for the operation of a grocery store. Subsequently, defendant Andrews closed its Brunswick County store and breached its lease with Caswell Realty. As a result, Caswell Realty filed an action for breach of contract, *Caswell Realty Associates I, L.P. v. Hills Food Stores, Inc.*, 91CVS34 (hereinafter "*Brunswick County I*").

Prior to trial, representatives of Caswell Realty and defendant Andrews entered into settlement negotiations, and consequently, executed a Stipulation of Dismissal with prejudice for *Brunswick County I*. Later, on 12 January 1994, Caswell Realty filed the Stipulation of Dismissal and sent a letter to defendant Andrews' attorney advising of its actions. A $62,500 check was deposited into the trust account of Caswell Realty's attorney on 14 January 1994, as agreed by the parties. Caswell Realty's managing agent subsequently prepared a Sublease Termination Agreement for the Brunswick County lease and a Lease Termination Agreement for the New Hanover County lease. Both documents indicated that defendant Andrews "has made certain representations to [Caswell Realty] of its financial capabilities and its inability to perform its obligations under the [lease/s]ub-lease and desires to surrender the Rental Space to [Caswell Realty] and terminate the [lease/s]ub-lease and [Caswell Realty] is hereby relying on such representations."

CASWELL REALTY ASSOC. v. ANDREWS CO.

[128 N.C. App. 716 (1998)]

Caswell Realty subsequently learned that defendants Andrews and Nash-Finch had negotiated an Asset Purchase Agreement, whereby defendant Nash-Finch purchased defendant Andrews and some of Andrews' stores. This offer of purchase had been communicated to defendant Andrews prior to 12 January 1994, despite the representations made by defendant Andrews. Accordingly, Caswell Realty did not execute either of the settlement agreements and filed a Rule 60 motion pursuant to the North Carolina Rules of Civil Procedure in Brunswick County. This motion requested that the court set aside the settlement and Stipulation of Dismissal in *Brunswick County I*, based upon the alleged misrepresentations by defendant Andrews regarding its financial status during settlement negotiations. Specifically, Caswell Realty asserted that it would not have settled its claim against defendant Andrews for $62,500 if it had known that defendant Nash-Finch would be purchasing the assets of defendant Andrews.

Caswell Realty filed a withdrawal of its Rule 60 motion on the morning that the motion was to be heard. With Caswell Realty's consent, the trial court entered an order allowing the withdrawal of the Rule 60 motion with prejudice. Significantly, after filing the Rule 60 motion, but before entry of the 26 July 1994 order dismissing that motion, Caswell Realty filed the instant action in New Hanover County Superior Court, seeking to recover damages for defendant Andrews' alleged breach of its Cape Fear Center lease. Defendant Nash-Finch was joined as the alleged "alter-ego" of defendant Andrews.

Further, just minutes before filing its withdrawal of the Rule 60 motion in the *Brunswick County I* action on 24 July 1994, Caswell Realty filed a third action in Brunswick County Superior Court, *Caswell Realty Associates I, L.P. v. Andrews Company, Inc. f/k/a Hills Food Stores, Inc. and Nash-Finch Company, Inc.*, 94CVS714 (hereinafter *"Brunswick County II"*). In *Brunswick County II*, Caswell Realty sought to set aside the settlement and Stipulation of Dismissal in *Brunswick County I* on the same grounds as identified in its Rule 60 motion in *Brunswick County I*, which had been withdrawn with prejudice. In the alternative, Caswell Realty sought to recover damages for the alleged misrepresentations in connection with the settlement. Defendant Nash-Finch was also joined in this action as the "alter-ego" of defendant Andrews.

Defendants moved to dismiss Caswell Realty's *Brunswick County II* action based upon the following principles: (1) Caswell Realty's basis for attacking the Stipulation of Dismissal in *Brunswick County I* was alleged "intrinsic fraud" and such a claim can only be asserted by a Rule 60 motion, not by independent action; (2) Caswell Realty's action was barred by res judicata and collateral estoppel; (3) an independent action for damages due to alleged fraud in the procurement of a judgment (Stipulation of Dismissal) is not permissible until the subject judgment is set aside; and (4) the complaint failed to state a claim for alter-ego liability against defendant Nash-Finch. Defendants' motions came on for hearing, and as matters outside of the pleadings were considered, the motions to dismiss were converted to motions for summary judgment. Summary judgment was thereafter granted for both defendants in *Brunswick County II* by order entered 14 December 1994. On appeal to this Court, we affirmed the trial court's order of summary judgment. *Caswell Realty Associates I v. Andrews Co.*, 121 N.C. App. 483, 466 S.E.2d 310 (1996). Caswell Realty's subsequent motion for rehearing and petition for discretionary review was denied by the North Carolina Supreme Court. *Caswell Realty Associates I v. Andrews Co.*, 343 N.C. 304, 471 S.E.2d 68 (1996).

The present action had been stayed by order of the New Hanover County Superior Court pending the appeal of *Brunswick County II*. After the appeal in *Brunswick County II* was final, however, defendants filed identical motions for judgment on the pleadings, motions for summary judgment, motions for protective order as to the previously served, but stayed, discovery pending a ruling on the dispositive motions, and motions to amend its motion to dismiss. These motions were accompanied by numerous exhibits detailing the history of the three lawsuits and various affidavits. Defendants' motions were set for hearing on 8 July 1996.

Caswell Realty moved to continue the hearing on defendants' motions on the basis of the outstanding discovery requests served on defendants, the response to which had been stayed. This motion was supported by affidavits of Caswell Realty's counsel of record in *Brunswick County I* and a general partner of Caswell Realty.

On 8 July 1996, both of the parties' motions were heard by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Caswell Realty's motion to continue was denied, and defendants' motions to amend and for summary judgment were granted. In the alternative,

the court granted defendant Nash-Finch's Rule 12(b)(6) motion. The motions for protective order were thereby mooted. Caswell Realty appeals.

[1] Caswell Realty presents three arguments on appeal, but for purposes of judicial economy, we move immediately to Caswell Realty's second argument. For the reasons discussed herein, we hold that the trial court was correct in granting defendants' motions for summary judgment, and in the alternative, defendant Nash-Finch's Rule 12(b)(6) motion.

Summary judgment is properly granted where the party asserting a claim shows that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c). Summary judgment is appropriate for the defending party when (1) an essential element of the other party's claim or defense is non-existent; (2) the other party cannot produce evidence to support an essential element of its claim or defense; or (3) the other party cannot overcome an affirmative defense which would bar the claim. *Gibson v. Mutual Life Ins. Co. of N.Y.*, 121 N.C. App. 284, 465 S.E.2d 56 (1996).

In order to successfully assert the doctrine of res judicata, a defendant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits. *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 306 S.E.2d 513 (1983). Collateral estoppel, on the other hand, applies " 'where the second action between the same parties is upon a different claim or demand, [and] the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' " *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 353, 24 L. Ed. 195, 198 (1876)), *quoted in In re Wilkerson*, 57 N.C. App. 63, 291 S.E.2d 182 (1982). A dismissal with prejudice is an adjudication on the merits and has res judicata implications. *See Kabatnik*, 63 N.C. App. at 712, 306 S.E.2d at 515; *Barnes v. McGee*, 21 N.C. App. 287, 290, 204 S.E.2d 203, 205 (1974). Further, in *Kabatnik*, this Court also stated, "Strict identity of issues . . . is not absolutely required and the doctrine of res judicata has been accordingly expanded to apply to those issues which could have been raised in the prior action[.]" *Id.* at 712, 306 S.E.2d at 515 (emphasis omitted). While Caswell Realty contends that there has not been a final deter-

mination on the merits and an identification of the causes of action, we cannot agree. In accordance with previous caselaw, the voluntary dismissal with prejudice was a final adjudication on the merits in *Brunswick County I*. Further, there has been a sufficient identification of the causes of action in *Brunswick County I* and the instant case so as to call the doctrine of res judicata and/or collateral estoppel into play. Caswell Realty's arguments to the contrary fail.

[2] Not only is res judicata a bar as to defendant Andrews, but also as to defendant Nash-Finch on the alter-ego claim. The order of summary judgment in *Brunswick County II* was a final adjudication on the merits for purposes of the doctrine of res judicata, and the causes of action against defendant Nash-Finch in *Brunswick County II* and the instant action are readily identifiable as being the same. Hence, the trial court did not err in granting summary judgment for defendant Andrews, as well as defendant Nash-Finch.

[3] As to Caswell Realty's argument that the trial court erred in denying its motion to continue, we cannot hold favorably. Motions to continue pursuant to Rules 56(f) and 40(b) of our Rules of Civil Procedure are granted in the trial court's discretion. *Florida National Bank v. Satterfield*, 90 N.C. App. 105, 367 S.E.2d 358 (1988) (applying the abuse of discretion standard in the review of a Rule 56(f) motion for continuance); *Spence v. Jones*, 83 N.C. App. 8, 348 S.E.2d 819 (1986) (applying the abuse of discretion standard in the review of a Rule 40(b) motion for continuance). Absent an abuse of discretion, the court's ruling will not be disturbed on appeal. *Satterfield*, 90 N.C. App. 105, 367 S.E.2d 358; *Spence*, 83 N.C. App. 8, 348 S.E.2d 819. A thorough review of the record fails to reveal any abuse of discretion by the court below, and therefore, Caswell Realty's argument fails.

In light of all of the foregoing, we conclude that the trial court properly granted defendants' motions for summary judgment and properly denied Caswell Realty's motion to continue. Accordingly, the 8 August 1996 order of the trial court is affirmed.

Affirmed.

Judges EAGLES and MARTIN, John C., concur.