Filed:  March 12, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

────────────

Nos. 01-1975(L)
(CA-01-107, CA-01-139)

────────────

Christopher Langdon,

Plaintiff - Appellant,

versus

J. J. Swain, et al.,

Defendants - Appellees.

────────────

O R D E R

────────────

The court amends its opinion filed February 20, 2002, as follows:

On page 2, section 1, line 3 -- "Lacy H. Thornburg, District Judge;" is added.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHRISTOPHER LANGDON,
    *Plaintiff-Appellant,*

    v.

J. J. SWAIN; JACK MURDOCK; F. D.
MARTIN; DAVE HENDERSON, All
Current or Former Employees of the
North Carolina Department of
Transportation,
    *Defendants-Appellees.*

No. 01-1975


CHRISTOPHER LANGDON,
    *Plaintiff-Appellant,*

    v.

J. J. SWAIN; JACK MURDOCK, F. D.
MARTIN; DAVE HENDERSON, And All
Current or Former Employees of the
N.C. Department of Transportation;
LYNDO TIPPETT, Secretary of
Transportation of the State of North
Carolina; NORTH CAROLINA
DEPARTMENT OF TRANSPORTATION;
ROY COOPER, Attorney General of
North Carolina; NORTH CAROLINA
DEPARTMENT OF JUSTICE; THE
OFFICE OF THE ATTORNEY GENERAL OF
NORTH CAROLINA,
    *Defendants-Appellees.*

No. 01-2019

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge;
Max O. Cogburn, Magistrate Judge.
(CA-01-107, CA-01-139)

Submitted: January 31, 2002

Decided: February 20, 2002

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Christopher Langdon, Appellant Pro Se. Robert Orr Crawford, III,
NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North
Carolina; Lisa Carol Glover, NORTH CAROLINA DEPARTMENT
OF TRANSPORTATION, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

In these consolidated appeals, Christopher Langdon appeals the
district court's dismissal of his two civil actions against the Appel-
lees, seeking 1) to invalidate the state statutes of limitations relied on
as defenses to his previous state actions against the Appellees arising

2

from a 1995 landslide on his property, and 2) monetary damages for a taking in violation of the Fifth Amendment. Having reviewed the parties' filings, the district court's opinion and orders, and the record on appeal, we affirm. Additionally, we grant the Appellees' motion to file supplemental materials, deny Langdon's motions for sanctions, deny Langdon's motion to strike Appellees' informal brief, and deny Langdon's motion for default judgment.

Turning to the merits of Langdon's appeal, we find his actions were properly dismissed by the district court. As the district court noted, Langdon's prior state actions named the North Carolina Department of Transportation ("NCDOT") as defendant and addressed issues arising from the same incidents at issue here. However, in federal court Langdon named only the NCDOT in the first complaint and four employees of the NCDOT in the separate complaint alleging an improper taking. We find Langdon's first action was properly subject to dismissal on the basis of res judicata. *Bockweg v. Anderson*, 428 S.E. 2d 157, 161 (N.C. 1993); *Caswell Realty Assoc. I, L.P. v. Andrews Co.*, 496 S.E.2d 607, 610 (N.C. Ct. App. 1998). Further, because takings actions sound against governmental entities rather than individual state employees in their individual capacities, *see Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 687 (1978); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985), Langdon's second federal suit was properly subject to dismissal either based on res judicata, in light of the complete identity of the parties and issues involved, *see Bockweg*, 428 S.E. 2d at 161; *Caswell*, 496 S.E.2d at 610, or for failure to state a claim. Accordingly, we find no error in the district court's dismissal of Langdon's actions as frivolous or malicious under 28 U.S.C.A. § 1915(e)(2) (West Supp. 2001).*

Langdon also raises two additional assignments of error, which we also find to be meritless. First, we find no abuse of discretion in the district court's denial of Langdon's motion to recuse the district court judge pursuant to 28 U.S.C. § 455(a) (1994). *See United States v. DeTemple*, 162 F.3d 279, 283 (4th Cir. 1998). Second, we find no

_____

*We reiterate the district court's warning that continuing to file frivolous or malicious pleadings in this Court or the district court could lead to the imposition of sanctions under Fed. R. Civ. P. 11.

3

abuse of discretion in the court's granting Appellees' motion to reopen the period for filing their answer pursuant to Fed. R. Civ. P.

6. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 392 (1993); *Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995).

    For these reasons, we affirm the dismissal of Langdon's civil actions and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4