PAULA CHEWNING-BASS, Plaintiff/Appellee
v.
RICHARD MARTIN BASS, Defendant/Appellant
No. COA06-1020
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Ellen Arnold Kiernan, for plaintiff-appellee.
Smith, Smith & Harjo, by Jennifer Harjo, for defendant-appellant.
CALABRIA, Judge.
Richard Martin Bass ("defendant") appeals from a 17 January 2006 order denying his motions for contempt and relief from judgment. We affirm.
Paula Chewning-Bass ("plaintiff") and defendant were married 2 August 1986 and separated on 22 December 2003. On the date of separation, plaintiff filed a complaint seeking, inter alia, an equitable distribution of marital property. The parties were divorced on 22 April 2005.
On 10 November 2004, the plaintiff and defendant entered a memorandum of consent order ("consent order") in a mediated settlement conference. The parties' consent order was entered by Judge Shelly S. Holt and filed two days later. The consent order provided that plaintiff could enter a storage unit in Jacksonville rented in defendant's name by 30 November 2004 in order to retrieve her personalty. The order further provided that defendant would meet plaintiff at the storage unit on 14 November 2004 in order for plaintiff to identify and retrieve her property. However, defendant failed to appear at the unit on 14 November. On 26 November 2004, plaintiff called a locksmith, who cut off the lock securing the unit. She then removed her property and re-locked the storage unit.
On 20 April 2005, defendant filed a motion for contempt against plaintiff, alleging that plaintiff violated the conditions of the consent order by removing marital property from the storage facility, as well as property belonging to defendant's mother. Plaintiff responded on 1 June 2005 by filing a response to the motion for contempt, a motion to show cause, and a motion for attorney's fees. That same day plaintiff obtained an order requiring defendant to appear and show cause why he should not be held in contempt for violating the consent order by entering the storage unit before 1 December 2004.
On 19 July 2005, defendant filed a motion for new trial. Plaintiff then filed a motion opposing defendant's motion for a new trial, as well as a motion for sanctions, a motion for declaratory judgment, and a motion for attorney's fees. On 28 July 2005, defendant filed an amended motion for relief from judgment. That same day, all pending matters were called for trial before District Court Judge Phyllis S. Gorham. On 29 July 2005, the trial court issued its order from the bench, holding defendant in contempt and requiring him to pay $8,647.08 within 90 days or face incarceration for civil contempt. That order was reduced to writing and filed on 14 December 2005.
On 27 October 2005, after the trial court had announced its order from the bench but before the order was filed, defendant's new attorney filed another motion for contempt and a motion for relief from judgment. At a hearing on 14 December 2005, the court denied all defendant's claims for relief in an order dated 17 January 2006. Defendant filed notice of appeal the following day. On 20 February 2006, plaintiff filed a motion to dismiss the defendant's appeal from the 14 December 2005 order. Judge Gorham heard plaintiff's motion and on 17 January 2006 entered an order dismissing defendant's appeal as being untimely filed. However, the court recognized that defendant still had a right to appeal the denial of his 27 October 2005 motions in a 17 January 2006 order.
From the 17 January 2006 order denying defendant's 27 October 2005 motions, defendant appeals. On appeal, defendant initially argues the trial court abused its discretion by denying defendant's 27 October 2005 motion for contempt and motion for relief from judgment by not giving defendant an opportunity to be heard on the merits. We disagree.
This Court reviews a trial court's ruling on a Rule 60(b) motion to determine whether the trial court abused its discretion. Coppley v. Coppley, 128 N.C. App. 658, 663, 496 S.E.2d 611, 616 (1998). The trial judge's findings of fact are conclusive on appeal when supported by competent evidence. However, the conclusions of law made by the judge upon the facts found are reviewable on appeal. U.S.I.F. Wynnewood Corp. v. Soderquist, 27 N.C. App. 611, 615, 219 S.E.2d 787, 790 (1975). In considering defendant's argument, we must consider whether the trial court correctly determined the matters identified in the 27 October 2005 motions to be res judicata.
We have determined the following elements must be present for the doctrine of res judicata to apply: 1) a final judgment on the merits in an earlier action; 2) an identity of the two causes of action in both the earlier and later suits; and 3) an identity of the parties or their privies in the two suits. Caswell Realty Associates, I, L.P. v. Andrews Co., Inc., 128 N.C. App. 716, 720, 496 S.E.2d 607, 611 (1998) (citation omitted).
Here, there is no question the parties were the same in each action. Therefore, we must only determine whether the two causes were identical and whether there was a final judgment. We first consider whether the 29 July 2005 order, announced from the bench, constituted a final judgment despite delay in filing the written judgment until 14 December 2005. "A final judgment, rendered on the merits by a court of competent jurisdiction, is conclusive as to the issues raised therein with respect to the parties and those in privity with them and constitutes a bar to all subsequent actions involving the same issues and parties." Kabatnik v. Westminster Co., 63 N.C. App. 708, 306 S.E.2d 513 (1983) (emphasis added). We have previously determined that rendering of judgment is distinguishable from entry of judgment. Stachlowski v. Stach, 328 N.C. 276, 401 S.E.2d 638 (1991). Given the language of Kabatnik, which requires that final judgment be rendered in order for res judicata to apply, we conclude that the 29 July 2005 judgment, as rendered, constitutes a final judgment.
We next consider whether the issues in both actions were sufficiently identical to bar the second motion from being heard. "Strict identity of issues. . .is not absolutely required and the doctrine of res judicata has been accordingly expanded to apply to those issues which could have been raised in the prior action, but were not." Kabatnik, 63 N.C. App. at 712, 306 S.E.2d at 515 (1983).
The 27 October 2005 motion for contempt and motion for relief from judgment set forth various allegations attacking the consent judgment. These allegations included, inter alia, a lack of bargaining power by defendant, medical problems that prevented defendant from meaningfully participating in the negotiations, overreaching by plaintiff, and plaintiff's verbal promises that were not kept that misled defendant. All these allegations attack the consent order, and could have been presented during the trial on 28 and 29 July 2005. As such, they are issues which could have been raised in a prior action but were not, making them res judicata. This assignment of error is overruled.
Defendant next contends the trial court erred by ruling that the issues in his motion for contempt and motion for appropriate relief were resolved in a prior order. Specifically, defendant argues the initial motion for contempt and motion for appropriate relief did not allege overreaching by plaintiff, did not allege plaintiff made verbal promises to defendant to secure his agreement to the consent order, and did not allege the consent order was ambiguous and facially defective. As we have previously determined, these claims could have been brought prior to the trial court's rendering its 29 July 2005 judgment. As such, they constitute identical claims to those ruled upon at that time. For the reasons stated above, the court did not abuse its discretion in determining these issues could not be re-litigated. This assignment of error is overruled.
Affirmed.
Judges McGEE and STEPHENS concur.
Report per Rule 30(e).