CHARLES K. SAPP, NANCY SAPP, HENRY KEITH MILLER, JR., FOREST BRENT SLOOP, LORI A. SLOOP, RICHARD L. WHELPLEY, LOKEEL M. WHELPLEY, ETHEL P. SMITH, DOUGLAS JOHN BUTLER, PEGGY S. BOOSE, WILLIAM E. GARRETT, JR., CATHY S. HARPER, KENNETH J. HARPER, KEITH MILLER, SR., AND BETTY MILLER, PLAINTIFFS, v. YADKIN COUNTY, YADKIN COUNTY PLAN-NING BOARD AND YADKIN COUNTY BOARD OF ADJUSTMENT, DEFENDANTS

No. COA09-1725

(Filed 1 February 2011)

**1. Discovery— time—local rules**

The trial court did not err by granting plaintiffs' motion to continue discovery for only 45 days instead of 120. The local rule allowing 120 days for completion of discovery does not entitle a party to a mandatory 120 day period.

**2. Discovery— hearing date—sufficient time allowed—discovery not closed**

Plaintiffs were not prevented from utilizing any necessary discovery procedures by a continuance of discovery for only 45 days. Plaintiffs' conduct following the continuance belied the

need for additional time; furthermore, setting a date for the summary judgment hearing did not close the discovery period.

**3. Judges— recusal denied—no personal interest or preference**

The trial court did not err by denying a motion to recuse where the case involved rezoning for a new jail and the judge had previously issued show cause orders involving jail conditions and the construction of a new jail "with all deliberate speed." There was nothing to indicate that the judge's desire for a prompt resolution of the jail issue was personal or that he had any preference or opinion on the location of the new jail.

**4. Zoning— statement of consistency—supplied to Commissioners —not required to be in minutes**

The Planning Board met the requirements of N.C.G.S. § 153A-341 and a Yadkin County zoning ordinance by providing a written recommendation to the Board of Commissioners addressing zoning consistency. There was nothing in the statutes or ordinance requiring a statement of consistency in the Planning Board minutes.

**5. Zoning— consistency and policy guidelines—no secrecy or impropriety**

There was no genuine issue of fact regarding any secrecy or impropriety surrounding a rezoning where, regardless of the contents of the Planning Board minutes, the recommendation received at the Planning office by plaintiff Boose contained both a statement of consistency and a discussion indicating that the proposed zoning amendment met the policy guidelines in the ordinance. Moreover, a member of the Planning Board informed the Board of Commissioners of the recommendation and read the statement of consistency.

**6. Zoning— conditional use—correctional facility**

The trial court did not err by granting summary judgment for defendants in a case involving a rezoning for a new jail. Plaintiffs pointed to an ordinance provision regarding proximity of correctional facilities to residential properties, but that provision was not applicable.

Appeal by Plaintiffs from orders entered 17 April 2009, 8 May 2009, and 2 July 2009 by Judges Edwin G. Wilson, Jr., A. Moses

SAPP v. YADKIN CNTY.

[209 N.C. App. 430 (2011)]

Massey, and John O. Craig, III, respectively, in Yadkin County Superior Court. Heard in the Court of Appeals 18 August 2010.

> *Randolph and Fischer, by J. Clark Fischer, and Melvin & Powell, by Edward L. Powell, for Plaintiffs.*

> *James L. Graham and Bell, Davis & Pitt, P.A., by Michael D. Phillips, for Defendants.*

STEPHENS, Judge.

### Factual and Procedural History

In 2004, the Yadkin County Board of Commissioners ("Board of Commissioners") acquired a roughly ten-acre parcel of land known as the "Hoots Road site." In August 2008, the Board of Commissioners designated the Hoots Road site as the location for a new county jail.

On 13 August 2008, the Yadkin County Administration, through the Yadkin Interim County Manager, filed a Petition for Zoning Amendment ("Petition"), seeking to have the Hoots Road site rezoned from Highway Business to Manufacturing-Industrial One: Conditional. At their 8 September 2008 meeting, the Yadkin County Planning Board ("Planning Board") reviewed the Petition and recommended approval of the proposed rezoning to the Board of Commissioners.

At their 15 September 2008 meeting, the Board of Commissioners received the Planning Board's recommendation and scheduled a public hearing on the proposed rezoning of the Hoots Road site for 20 October 2008. Following the public hearing, the Board of Commissioners voted to approve the rezoning of the Hoots Road site for construction of the new jail.

On 29 December 2008, Plaintiffs filed their complaint against Defendant Yadkin County; the complaint was later amended to include the Planning Board and the Yadkin County Board of Adjustment as Defendants On 28 January 2009, Defendants filed a motion to dismiss Plaintiffs' complaint, which was granted by Judge Edwin G. Wilson, Jr. as to all claims in the complaint except Plaintiffs' claim for a declaratory judgment that the rezoning of the Hoots Road site violated the applicable zoning laws and ordinances.

On 13 April 2009, Defendants filed a motion for summary judgment on Plaintiffs' remaining claim and noticed hearing on the motion for 27 April 2009. On 16 April 2009, Plaintiffs filed a motion to continue

the summary judgment hearing. In an order filed 8 May 2009, Judge A. Moses Massey granted Plaintiffs' motion and ordered that the summary judgment hearing be continued until 15 June 2009.

On 10 June 2009, Plaintiffs filed a cross-motion for summary judgment, as well as a motion for recusal of Judge John O. Craig, III, the judge assigned to hear the motions for summary judgment. The basis for Plaintiffs' motion to recuse was that Judge Craig's alleged extensive prior involvement in the Yadkin County jail issue made it inappropriate for him to decide the question of summary judgment.

Following the hearing on the motions, Judge Craig issued the 2 July 2009 orders denying Plaintiffs' motion to recuse and granting Defendants' motion for summary judgment. From this order, as well as Judge Massey's order continuing the hearing on Defendants' summary judgment motion and Judge Wilson's order partially granting Defendants' motion to dismiss, Plaintiffs appeal.[1]

*Discussion*[2]

*I. Plaintiffs' motion to continue*

[1] Plaintiffs' Rule 56(f) motion to continue the summary judgment hearing was granted on 27 April 2009, and the hearing date was continued until 15 June 2009. On appeal, Plaintiffs argue that the "45-day period allotted by [the trial court] was insufficient, given the need to develop facts necessary to support their opposition to the [summary judgment] [m]otion."[3]

"Motions to continue pursuant to Rules 56(f) and 40(b) of our Rules of Civil Procedure are granted in the trial court's discretion." *Caswell Realty Assocs. I, L.P. v. Andrews Co.*, 128 N.C. App. 716, 721, 496 S.E.2d 607, 611 (1998).

---

1. On appeal, Plaintiffs fail to argue any grounds for appeal of Judge Wilson's order partially granting Defendants' motion to dismiss. Accordingly, Plaintiffs' appeal of this order is taken as abandoned. *See* N.C. R. App. P. 28(b)(6) (2009).

2. The citations to the record page numbers in Plaintiffs' assignments of error are incorrect. However, this failure is not sufficient to warrant dismissal of this appeal based on failure to comply with the Rules of Appellate Procedure. *Davis v. Macon Cty. Bd. of Educ.*, 178 N.C. App. 646, 650, 632 S.E.2d 590, 593, *disc. review denied*, 360 N.C. 645, 638 S.E.2d 465 (2006).

3. Although Plaintiffs' motion was granted in open court on 27 April 2009, Plaintiffs begin their calculation of the continuance period on the date the trial court signed its order: 1 May 2009.

Plaintiffs argue that they were entitled to a 120-day discovery period[4] following the last pleading based on their interpretation of Local Court Rule 4.1 for Superior Civil Cases, Judicial District 23, which provides that

> [d]iscovery shall begin promptly . . . . For all cases except those which have previously been dismissed and refiled pursuant to Rule 41, N.C.R.Civ.P., discovery should be scheduled so as to be completed within 120 days of the last required pleading.

Case Management Plan and Local Court Rules for Superior Civil Cases Judicial District 23, Rule 4.1 (enacted January 2008).

As noted by Defendants, Local Rule 4.1 clearly establishes no more than a presumptive 120-day maximum time within which discovery is to be completed, and does not entitle a party to a mandatory 120-day discovery period. Plaintiffs' interpretation of Local Rule 4.1 is untenable and, therefore, Plaintiffs' argument that the trial court abused its discretion by not allowing Plaintiffs the time to complete discovery granted them by the applicable local rule is without merit.

[2] Plaintiffs further argue that the "45-day period" was insufficient under North Carolina Rule of Civil Procedure 26(d), which provides as follows:

> Any order or rule of court setting the time within which discovery must be completed shall be construed to fix the date after which the pendency of discovery will not be allowed to delay trial or any other proceeding before the court, but shall not be construed to prevent any party from utilizing any procedures afforded under [the Rules], so long as trial or any hearing before the court is not thereby delayed.

N.C. Gen. Stat. § 1A-1, Rule 26(d) (2009). Plaintiffs contend that because "additional time was required in order to schedule and prepare interrogatories and depositions" before the hearing, the court's 45-day continuance violated Rule 26(d) by preventing Plaintiffs from utilizing discovery procedures. We are unpersuaded.

---

4. In their motion to continue, Plaintiffs prayed for a 150-day continuance. However, at the hearing on the motion, Plaintiffs requested the hearing be continued for 120 days following the last pleading filed in the case, which was Defendants' 13 April 2009 answer. Because Plaintiffs only address the issue of whether the court abused its discretion in not granting the 120-day continuance, we, too, only address that issue.

Firstly, we note that Plaintiffs' contention that they required additional time is belied by their conduct following the 27 April 2009 continuance: after the continuance was granted, Plaintiffs served Defendants with written discovery requests, to which Defendants responded on 8 June 2009; Plaintiffs requested no other discovery from Defendants and did not file any motions to compel discovery or to continue the 15 June 2009 hearing; and Plaintiffs filed their own cross-motion for summary judgment on 10 June 2009. From the fact that Plaintiffs sought no additional discovery, and the fact that Plaintiffs filed their own summary judgment motion prior to the hearing, it appears Plaintiffs did not require additional time to complete discovery.

Furthermore, Plaintiffs' argument appears to be based on the erroneous assumption that, by setting a date for the summary judgment hearing, the trial court was issuing an order "setting the time within which discovery must be completed" under Rule 26(d). Although a hearing on a motion for summary judgment may result in the limitation of additional discovery—by determining which facts are genuinely disputed and limiting further discovery to only those facts—such a hearing does not close the discovery period, and, therefore, cannot be considered "the time within which discovery must be completed." A summary judgment hearing is not required to take place upon completion of all factual discovery, and any argument that an order setting a date for a summary judgment hearing violates Rule 26(d) is clearly erroneous.

Based on the foregoing, we conclude that Plaintiffs were not prevented from utilizing any necessary discovery procedures. Accordingly, Plaintiffs' argument is overruled.

## II. Plaintiffs' motion to recuse

[3] Plaintiffs next argue that the trial court erred by denying their motion for recusal of Judge Craig.

When a party requests such a recusal by the trial court, the party must demonstrate objectively that grounds for disqualification actually exist. The requesting party has the burden of showing through substantial evidence that the judge has such a personal bias, prejudice or interest that he would be unable to rule impartially.

In re Faircloth, 153 N.C. App. 565, 570, 571 S.E.2d 65, 69 (2002) (internal citations and quotation marks omitted).

Plaintiffs' claim of bias and prejudice is based on two Orders to Show Cause entered by Judge Craig on 21 November 2006 and 5 May 2008. In the first order, Judge Craig ordered the Board of Commissioners to "show cause why a Writ of Mandamus should not issue against you in light of your apparent failure to perform your inherent constitutional as well as statutory duties pertaining to the Yadkin County jail facility." In the second order, Judge Craig retained for the Court "jurisdiction over this matter, in order to ensure that the County of Yadkin moves forward, with all deliberate speed, with the construction of a new jail that meets the standards imposed by the laws of this State." The second order further indicated that "[t]his Order to Show Cause shall be continued from Term to Term, in the event that the Court deems it necessary to take appropriate action."

Plaintiffs argue that Judge Craig's orders make it clear "that [Judge Craig] had a direct interest in the prompt resolution of the jail issue" that was "in unavoidable opposition to the Plaintiffs' claims which, if found meritorious, would have the necessary effect of delaying new jail construction until any rezoning was completed in a lawful manner." Plaintiffs' argument is without merit.

Although the orders plausibly show that Judge Craig desired a prompt resolution of the jail issue, there is nothing to indicate that this desire was personal, or that it necessitated Judge Craig's disqualification based on an inability to rule impartially. Judge Craig's attempt to ensure that the construction moved forward "with all deliberate speed" can hardly be interpreted as an attempt by Judge Craig to have the jail built without any delay and without regard for the requirements of "laws of the State." *Cf. Watson v. Memphis*, 373 U.S. 526, 530, 10 L. Ed. 2d 529, 534 (1963) (noting that the concept of "deliberate speed" countenanced indefinite delay in elimination of racial barriers in schools). Most importantly, in the context of this case, the orders evince no evidence that Judge Craig had any preference or opinion on the location of the new jail. Accordingly, we conclude that the orders do not contain substantial evidence of Judge Craig's alleged impartiality. Plaintiffs' argument is overruled.

### III. Defendants' motion for summary judgment

Plaintiffs next argue that the trial court erred by granting summary judgment in favor of Defendants We review a trial court's grant of summary judgment *de novo*. *Childress v. Yadkin County*, 186 N.C. App. 30, 34, 650 S.E.2d 55, 59 (2007).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant.

*Id.* (internal citations, brackets, and quotation marks omitted).

Plaintiffs claim to have offered substantial evidence of three violations of the procedural and substantive requirements of the Yadkin County zoning scheme such that summary judgment for Defendants was improper. We discuss the three alleged violations set forth by Plaintiffs separately.

## A. *Improper recommendation to the Board of Commissioners*

[4] Plaintiffs first contend that, in violation of N.C. Gen. Stat. § 153A-341 and the Yadkin County Zoning Ordinance ("Ordinance"), the Planning Board failed to include in its recommendation to the Board of Commissioners "a statement of zoning consistency." As evidence of this failure, Plaintiffs presented an affidavit by Plaintiff Peggy Boose ("Boose"), which states that on 2 October 2008, Boose obtained from the Planning Department a copy of the minutes of the Planning Board's 8 September 2008 meeting. Boose's affidavit further alleges that on 20 October 2008, Boose obtained another copy of the Planning Board's 8 September 2008 minutes from the County Manager of Yadkin County, which contained both a discussion of the policy guidelines and a "statement of zoning consistency," neither of which were in the minutes obtained by Boose on 2 October 2008. Plaintiffs cite this "discrepanc[y] in the Planning Board minutes" as evidence of Defendants' violation of the applicable statutes and ordinances.

Under N.C. Gen. Stat. § 153A-341,

[t]he planning board shall advise and comment on whether [a] proposed [zoning] amendment is consistent with any comprehensive plan that has been adopted and any other officially adopted plan that is applicable. The planning board *shall provide a written recommendation to the board of county commissioners that addresses plan consistency* and other matters as deemed appropriate by the planning board, *but a comment by the planning board that a proposed amendment is inconsistent with the*

*comprehensive plan shall not preclude consideration or approval of the proposed amendment by the governing board.*

N.C. Gen. Stat. § 153A-341 (2007) (emphasis added).

The Ordinance provides that "[p]ursuant to NC G.S. 153A-341, the Planning Board shall include, in its written recommendation and report to the Board of County Commissioners, comments on the consistency of the proposed change with the Land Use Plan[.]" Further, the Planning Board shall "transmit its recommendation and report . . . to the Board of County Commissioners."

In compliance with the Ordinance, the Planning Board rendered its decision on the Petition at its 8 September 2008 meeting. Further, according to the Notice of Meeting for the 20 October 2008 meeting of the Board of Commissioners, the written recommendation by the Planning Board was received by the Board of Commissioners by at least 17 October 2008. Clearly, then, the Planning Board met the requirements of section 153A-341 by providing "a written recommendation to the board of county commissioners that addresses plan consistency," and met the requirements of the Ordinance by transmitting its recommendation and report to the Board of Commissioners. Based on the foregoing, we conclude the actions of the Planning Board did not violate section 153A-341 or the Ordinance.

Although Plaintiffs' evidence presents an issue as to the contents of the minutes as filed with the Planning Department, there is nothing in the statutes or Ordinance requiring the Planning Board to file a "statement of zoning consistency" with its minutes at the Planning Department office. Accordingly, Plaintiffs' argument presents no genuine issue of material fact.

*B. Secretive and improper method of rezoning*

[5] Plaintiffs next argue that the evidence sufficiently supported their allegation that the rezoning was "secretive and improper" such that a full hearing on the merits was required. The only support Plaintiffs offer for this argument is the "undisputed reality that the Planning Board published two separate and wildly differing minutes of its September 8 meeting[.]" Based on our review of the Ordinance, the evidence presented by Plaintiffs does not raise a genuine issue of material fact regarding any secrecy or impropriety surrounding the Planning Board's recommendation.

SAPP v. YADKIN CNTY.

[209 N.C. App. 430 (2011)]

The Ordinance requires that a proposed zoning amendment meet- the policy guidelines set out in the Ordinance before the amendment can receive favorable recommendation. As discussed *supra*, the Planning Board must transmit its recommendation, along with a statement of zoning consistency, to the Board of Commissioners.

Regardless of the contents of the minutes obtained by Boose at the Planning Department office, the recommendation received by the Board of Commissioners contained both a statement of consistency and a discussion indicating that the proposed amendment met the policy guidelines in the Ordinance.

Further, the record indicates that at the 15 September 2008 meeting of the Board of Commissioners, 17 days before Boose obtained the first set of minutes, a member of the Planning Board informed the Board of Commissioners of the recommendation and read the statement of zoning consistency from the Planning Board. Accordingly, Plaintiffs' contention that a missing portion of the minutes at the Planning Department office indicates that the Planning Board failed to consider the policy guidelines and the amendment's consistency, or that the Planning Board added the missing portion surreptitiously after their initial meeting, is untenable. Plaintiffs' argument is overruled.

*C. Improper approval of a correctional facility within one mile of residential property*

[6] Plaintiffs lastly argue that summary judgment was improper because the rezoning violates Article 17 of the Ordinance, which provides that "[n]o correctional facility shall be permitted to locate or expand within a one (1) mile radius of any property used for residential purposes[.]"

As Defendants correctly point out, Article 17, which governs "Conditional Uses," is not applicable in this case. As the minutes of the Board of Commissioners' 20 October 2008 meeting indicate, this matter is governed by Article 16, "Parallel Conditional Districts and the Conditional Rezoning Process."[5] Section 1 of Article 16 provides as follows:

---

5. Further, the process outlined in Article 17 involves application for a permit granted by the Yadkin County Board of Adjustment. Although the Board of Adjustment is a named Defendant, other than in the caption, there is no mention of the Board of Adjustment in the record, transcript, or briefs. In this case, Defendants sought to rezone the Hoots Road site by application to the Board of Commissioners and the Planning Board and by following the procedures outlined in Article 16.

SAPP v. YADKIN CNTY.

[209 N.C. App. 430 (2011)]

In the event that an application for the reclassification of property to a parallel conditional district seeks the approval of a use normally allowed as a conditional use in the corresponding general use district: Approval of the application by the Board of Commissioners solely in accordance with the provisions of this Article shall be deemed sufficient to allow such use of the property, and *it will not be necessary for the applicant* or the property owner to obtain a conditional use or other compliance permit, or *to meet the conditions prescribed by other Articles of this Ordinance.*

In this case, the application seeks the Board of Commissioners' approval to use the Hoots Road site as a correctional facility, which is a conditional use normally allowed in the corresponding general use district (*i.e.*, Manufacturing-Industrial One). Accordingly, it is not necessary for Defendants to meet the conditions prescribed by the other articles of the Ordinance, specifically Article 17. Plaintiffs' argument is without merit.

Based on the foregoing, we hold that the trial court did not err by granting Defendants' motion for summary judgment, by denying Plaintiffs' motion to recuse, or by granting Plaintiffs' motion to continue. The orders of the trial court are

AFFIRMED.

Judges Robert C. HUNTER and Robert N. HUNTER, JR. concur.